Cynthia ALCALA, et al., Plaintiffs,

v.

**TEXAS WEBB COUNTY,**
**et al., Defendants.**

Civil Action No. L–08–128.

United States District Court,
S.D. Texas,
Laredo Division.

June 3, 2009.

Albert M. Gutierrez, III, Matthew Fisher Wymer, Gutierrez Wymer, P.C., San Antonio, TX, for Plaintiffs.

Kyle Cledys Watson, Goode Casseb et al., Albert Lopez, Juan Ramon Flores, Attorneys at Law, San Antonio, TX, Murray

Edward Malakoff, Yohana Saucedo, Attorneys at Law, J. Alberto Alarcon, Hall Quintanilla & Alarcon, Laredo, TX, for Defendants.

## *ORDER ADOPTING REPORT AND RECOMMENDATION*

MICAELA ALVAREZ, District Judge.

Pending before the Court is Defendant Webb County's Motion to Dismiss. [Dkt. No. 57]. Also pending is Plaintiffs' Alternative Motion for Leave to File Amended Complaint. [Dkt. No. 58]. On April 2, 2009, the Magistrate Court issued a Report and Recommendation, recommending that Defendant Webb County's Motion to Dismiss be granted and that Plaintiffs' Alternative Motion for Leave to File Amended Complaint be denied. [Dkt. No. 65]. The time for filing objections has passed and no objections have been filed.[1]

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[2] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Therefore, it is **ORDERED** that Defendant Webb County's Motion to Dismiss, [Dkt. No. 57], be **GRANTED.** Accordingly, Plaintiffs' state law claims of intentional infliction of emotional distress, defamation, discharge for refusal to commit illegal acts (the *Sabine Pilot* claim), and retaliation for complying with a valid subpoena (under Section 52.051 of the Texas Labor Code) against Defendant Webb County and Defendants Patricia Barrera,

---

1. Federal Rule of Civil Procedure 72(b) provides that, "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV P. 72(b). Because the Magistrate Court issued the Report and Recommendation on April 2, 2009, any objections were due on April 16, 2009.

2. As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1420 (5th Cir.1996) (quoting FED. R.CIV.P. 72(b) Advisory Comm. Note (1983)).

Mary Ethel Novoa, Rosa Hernandez, and Dora Jimenez in their official capacities are **DISMISSED**. Moreover, Plaintiffs' state law claims of intentional infliction of emotional distress, defamation, and discharge for refusal to commit illegal acts against Defendants Barrera, Novoa, Hernandez, and Jimenez in their individual capacities are **DISMISSED**. Finally, it is also **ORDERED** that Plaintiffs' Alternative Motion for Leave to File Amended Complaint, [Dkt. No. 58], be **DENIED**.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

J. SCOTT HACKER, United States Magistrate Judge.

### I. Background

Pending before the Court is Defendant Webb County, Texas ("the County")'s Motion to Dismiss. (Dkt. No. 57).[1] Also pending before the Court is Plaintiffs' "Alternative Motion for Leave to File Amended Complaint." (Dkt. No. 58). On September 24, 2008, Plaintiffs filed this lawsuit asserting a 42 U.S.C. Section 1983 claim and other state law claims against Webb County, Ms. Patricia Barrera, who is the elected Webb County Tax Assessor–Collector ("WCTAC"), and three WCTAC office supervisors—Ms. Mary Ethel Novoa, Ms. Rosa Hernandez and Ms. Dora Jimenez.[2] Plaintiffs sued the four individual defendants in both their official and individual ("personal") capacities.

On February 4, 2009, the County filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 57). In its motion, the County asked the Court to dismiss Plaintiffs' three state common law claims (intentional infliction of emo-

tional distress, defamation, and a *Sabine Pilot* claim—discharge for refusal to commit illegal acts) and Plaintiffs' statutory claim under Tex. Lab.Code § 52.051 (retaliation for complying with a subpoena) against the County and the four individuals in their official capacities under the doctrine of governmental immunity. Further, the County moved for the Court to dismiss Plaintiffs' three state common law claims against the four individual defendants in their personal capacities, pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code ("Section 101.106(e)"), a part of the Texas Tort Claims Act.

On February 10, 2009, Plaintiffs filed their response. (Dkt. No. 58). In that response, Plaintiffs only addressed Defendants' argument under Section 101.106(e), contending that their state law claims were not brought under the Texas Tort Claims Act. Therefore, according to Plaintiffs, Section 101.106(e) is not applicable, and the claims should not be dismissed. Alternatively, Plaintiffs asked the Court for leave to file an amended complaint so that they could allege the state law claims "against the individual Defendants only." Plaintiffs also asked the Court for leave to amend their complaint in the event the County is not deemed an "employer" under Section 52.051 of the Texas Labor Code to allege a claim against Ms. Barrera in her personal capacity only.

On February 13, 2009, Defendants Rosa Hernandez ("Ms. Hernandez") and Dora Jimenez ("Ms. Jimenez") filed their "Joinder on Webb County's Motion to Dismiss and Reply to Plaintiffs' Response." (Dkt. No. 60). In their motion, Ms. Hernandez and Ms. Jimenez joined the County's motion, requesting that Plaintiffs' state law claims in their official and personal capaci-

---

1. This matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636.

2. Plaintiffs' First Amended Complaint was filed on October 13, 2008. (Dkt. No. 12).

ties be dismissed. The County filed its reply to Plaintiffs' response on February 25, 2009. (Dkt. No. 62). Ms. Hernandez, Ms. Jimenez and the County all oppose Plaintiffs' request for leave to amend their complaint.

## II. Legal Standard

■ Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir.2005) (citation omitted). The court must accept the plaintiff's factual allegations as true. *Apani Southwest, Inc. v. Coca–Cola Enters.*, 300 F.3d 620, 624 (5th Cir.2002). "The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir.1992) (quotation marks and citations omitted). Nevertheless, under Rule 12(b)(6), "[d]ismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 737–738 (S.D.Tex.1998).

## III. Analysis

### a. The County's Motion to Dismiss all of Plaintiffs' State Law Claims Against the County and the Four Individual Defendants in Their Official Capacities Under Governmental Immunity Should Be Granted.

The County argues that governmental immunity protects it from liability on Plaintiffs' state law claims for intentional infliction of emotional distress, defamation, discharge for refusal to commit illegal acts (*Sabine Pilot* claim), and retaliation for

complying with a subpoena (under Section 52.051 of the Texas Labor Code). The County further argues that a lawsuit against county employees in their official capacities is the same as a lawsuit against the County; thus, the doctrine of governmental immunity also bars Plaintiffs' above-stated claims against the individual Defendants in their official capacities. Besides briefly discussing the claim under the Texas Labor Code, Plaintiffs' response does not address the rest of the County's arguments under governmental immunity.

■ Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004) (citations omitted). Governmental immunity affords similar protection to subdivisions of the state, such as counties. *See id.* The purpose of sovereign immunity, and its counterpart, governmental immunity, is to protect subdivisions of the state from lawsuits and liability for money damages. *Garcia*, 253 S.W.3d at 655 (citations omitted). Furthermore, "[a] suit against government employees in their official capacities is, in all respects, a suit against the State; thus employees sued in their official capacities are shielded by sovereign immunity." *Univ. of Texas Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Specifically, "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (citations omitted); *see also Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir.1996) (noting that a suit against a county official in his official capacity is a suit against the county "directly in everything but name").

■ Under Texas law, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *See*

*Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998). However, the Texas Tort Claims Act ("the Tort Claims Act") provides a limited waiver of immunity for certain suits against governmental entities.[3] *Garcia,* 253 S.W.3d at 655 (citation omitted). As such, this Court must decide whether the state of Texas has waived immunity pertaining to the state law claims that Plaintiffs have asserted.

## 1. Intentional torts

■ Plaintiffs have alleged intentional infliction of emotional distress and defamation claims against the County and the four individuals in their official capacities. The Tort Claims Act explicitly states that it does not extend its limited waiver of immunity to claims "arising out of assault, battery, false imprisonment, *or any other intentional tort.*" Tex. Civ. Prac. & Rem. Code § 101.057 (West 2005) (emphasis added); *see also Hohman,* 6 S.W.3d at 777 (stating "[t]he Texas Tort Claims Act provides that sovereign immunity exists for intentional torts."). An intentional infliction of emotion distress claim and a defamation claim are intentional torts. *See Hohman,* 6 S.W.3d at 777 (citations omitted). Therefore, the Court recommends that Plaintiffs' claims against the County and the four individuals in their official capacities be DISMISSED.

## 2. *Sabine Pilot* claim

■ The County also contends that Plaintiffs' claims against it (and the Coun-ty employees in their official capacities) for wrongful discharge under *Sabine Pilot* are also barred by governmental immunity.[4] (Dkt. No. 57 at ¶¶ 4.10–4.11). While a Sabine Pilot claim, which is an exception to the employment-at-will doctrine, allows plaintiffs to sue for retaliatory discharge, this Court cannot find either legislative consent or a statutory exception that would prevent the County from utilizing the doctrine of governmental immunity. Several courts have also concluded that the Texas legislature has not waived the immunity of governmental entities for *Sabine Pilot* claims. *See Rohus v. Parker County,* 2008 WL 898724, at *10 (N.D.Tex. March 31, 2008) (holding that the county and its tax assessor-collector, in his official capacity, were entitled to sovereign immunity against the plaintiff's common-law retaliatory discharge claim); *Salazar v. Lopez,* 88 S.W.3d 351, 352–353 (Tex.App.-San Antonio 2002, no pet.); *Carroll v. Black,* 938 S.W.2d 134, 135 (Tex.App.-Waco 1996, writ denied); *Hohman,* 6 S.W.3d at 777. Thus, since the state of Texas has not waived immunity for this type of claim, the Court recommends that Plaintiffs' claims against the County and the four individuals in their official capacities be DISMISSED.

## 3. Retaliation for complying with a subpoena

■ Finally, the County asserts that governmental immunity protects it (and

---

**3.** "In order for immunity to be waived under the Act, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver." *Morgan v. City of Alvin,* 175 S.W.3d 408, 417 (Tex.App.-Houston [1st Dist.] 2004, no pet.). The three areas of liability in which immunity is waived under the Act are: "(1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employ-

ment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premise defects." *Id.* at 418 (citing Tex. Civ. Prac. & Rem.Code § 101.021–022).

**4.** A *Sabine Pilot* claim arises under common law when a person is discharged for refusing to commit an illegal act. *See Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985).

the County employees in their official capacities) from liability on Plaintiff Guajardo's claim of retaliation for complying with a subpoena under Section 52.051 of the Texas Labor Code.[5] (Dkt. No. 57 at ¶ 4.13). Plaintiffs acknowledge that trying to impose liability to the County under this statute could be problematic. The Court has not found any case law specifically addressing this issue.

■■■■ To waive the State's sovereign immunity, the Texas Legislature must do so by clear and unambiguous language. *City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995). This also applies to a waiver of immunity for other governmental entities. *Id.* Embodied in this requirement is the principle that courts should generally defer to the legislature as to whether or to what extent sovereign immunity should be waived, so as to "preserve the legislature's interest in managing state fiscal matters through the appropriations process." Tex. Gov't Code § 311.034 (West 2005); *Scott v. Presidio I.S.D.,* 266 S.W.3d 531, 534 (Tex. App.-Austin 2008, no pet. h.). Consequently, this Court must determine whether the state legislature has, by clear and unambiguous language, waived immunity for a claim under Section 52.051(a) of the Texas Labor Code.

Section 52.051(a) provides that "[a]n employer may not discharge, discipline, or penalize in any manner an employee because the employee complies with a valid subpoena to appear in a civil, criminal, legislative, or administrative proceeding." Tex. Lab.Code § 52.051(a) (West 2006). However, the term "employer" is not defined in Section 52.051 or in Chapter 52 (Miscellaneous Restrictions) of Title 2 of the Texas Labor Code. Also, there is no general definition of "employer" that applies to all of the chapters in Title 2 of the

Texas Labor Code. However, some chapters within Title 2 have a specific definition for "employer" that is only to be utilized for that specific chapter. For example, under Chapter 21 (Employment Discrimination), Section 21.002(8)(D), the definition of employer includes "a county, municipality, state agency, or state instrumentality...." Tex. Lab.Code § 21.002(8)(D) (West 2006). But under Chapter 22 (Employment Discrimination For Participating In Emergency Evacuation), Section 22.001(5) defines employer as "a person who employs one or more employees." Tex. Lab.Code § 22.001(5) (West 2006). Moreover, Chapter 61 (Payment of Wages), Section 61.001(4) defines an employer as "a person who "(A) employs one or more employees; or (B) acts directly or indirectly in the interests of an employer for compensation...."" Tex. Lab.Code § 61.001(4) (West 2006).

■■■■ According to well-established principles of statutory construction, every word of a statute is presumed to have been included for a purpose. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Similarly, every word excluded from a statute must also be presumed to have been left out for a purpose. *Id.* Had the state legislature defined "employer" under Chapter 52 explicitly to include the state agencies or a county, Plaintiffs would have a strong argument. However, applying the principles of statutory construction to the instant case, the Court finds that by omitting any reference to governmental entities from Section 52.051 of the Texas Labor Code, the Legislature intended to exclude governmental entities from the definition of "employer" contained within that section. *See e.g., Hohman,* 6 S.W.3d at 776.

---

5. Only Plaintiff Julissa Guajardo asserts a claim under Section 52.051 of the Texas Labor Code. (Dkt. No. 12 at ¶¶ 193–194).

Moreover, when the Texas Legislature has waived immunity regarding other state statutes in the past, it has done so clearly and unambiguously. For example, as stated above, in contrast to Section 52.051, the Texas Commission on Human Rights Act ("TCHRA") specifically defines "employer" to include "counties" for the purposes of that statute. Tex. Lab.Code § 21.002(8)(D) (West 2006) (" 'Employer' means: a county, municipality, state agency, or state instrumentality"). Thus, the Legislature has shown that it will indicate its intent to waive sovereign immunity by expressly including governmental entities within the scope of "employer." *See Dallas Fort Worth Int'l Airport Bd. v. Funderburk*, 188 S.W.3d 233, 235 (Tex.App.-Fort Worth 2006, pet. granted, judgm't vacated w.r.m.) (finding that "the law is settled that the TCHRA clearly and unambiguously waives governmental immunity for the governmental entities that are statutorily defined as employers"); *Sauls v. Montgomery County*, 18 S.W.3d 310, 315 (Tex.App.-Beaumont 2000, no pet.) ("The Legislature has, in clear and unambiguous language, waived sovereign immunity against public officials and governmental entities defined by the act to be employers.").

Another example of the Legislature expressly waiving immunity through clear and unambiguous language is found in the Texas Whistleblower Act. *See* Tex. Gov't Code § 554.0035 (West 2004). That act provides that a public employee claiming that he was terminated from employment after making a good faith report of illegal activities by his employer "may sue the employing state or local governmental entity." *Id.* Furthermore, the act provides that "[s]overeign immunity is waived and abolished to the extent of liability for the

relief allowed under this chapter for a violation of this chapter." *Id.*; *see also Texas Dept. of Human Servs. v. Okoli*, 263 S.W.3d 275, 278 (Tex.App.-Houston [1 Dist.] 2007, pet. filed) (stating that in order to effectuate the cause of action provided for under the statute, the Whistleblower Act waives sovereign immunity from both suit and from liability). Thus, in drafting the Texas Whistleblower Act, the Legislature made it clear that it intended to waive sovereign immunity. In contrast, no such express waiver exists in the Texas Labor Code with regard to allegations of wrongful termination for compliance with a subpoena under Section 52.051 of the Texas Labor Code. Accordingly, the Court recommends that Plaintiffs' state law claim of retaliation for complying with a valid subpoena under Section 52.051 of the Texas Labor Code against the County and Ms. Barrera in her official capacity be DISMISSED.[6]

**b. The County's Motion to Dismiss Plaintiffs' State Law (Tort) Claims Against the Four Individual Defendants in Their Personal Capacities Under Section 101.106(e) Should Be Granted.**

Pursuant to Section 101.106(e), the County asks the Court to dismiss Plaintiffs' *Sabine Pilot* claims, defamation claims, and intentional infliction of emotional distress claims that were brought against the four individual defendants in their personal capacities. (Dkt. No. 57 at ¶ 6.01). Section 101.106(e) provides: "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem.Code § 101.106(e). However, Plain-

---

6. On January 28, 2009, Plaintiffs dismissed their claims under Section 52.051 of the Texas Labor Code against Ms. Novoa, Ms. Her-

nandez, and Ms. Jimenez. (Dkt. No. 50 at ¶ 10).

tiffs argue that Section 101.106(e) is inapplicable, because Plaintiffs' *Sabine Pilot* claims, intentional infliction of emotional distress claims, and defamation claims (against the four individual defendants) are not brought under the Tort Claims Act, but under common law. (Dkt. No. 58 at ¶¶ 7–8).

■■■ Today, Plaintiff's argument is unfounded.[7] In *Mission Consol. Indep. Sch. Dist. v. Garcia,* the Texas Supreme Court held that all tort theories (including intentional torts) alleged against a governmental entity, whether it is sued alone or together with its employees, are assumed to be brought under the Tort Claims Act for purposes of Section 101.106.[8] 253 S.W.3d 653, 659 (Tex.2008). Other courts have agreed with this Court's understanding of *Garcia.* See *Landreneau v. Gorczynski,* 2009 WL 151580, at *2 (S.D.Tex. January 22, 2009) (noting that under *Garcia,* intentional torts such as defamation are subject to the Act); *Pearlman v. City of Fort Worth,* 2008 WL 4787650, at *3–4 (N.D.Tex. October 30, 2008); *Singleton v. Casteel,* 267 S.W.3d 547, 553–554 (Tex. App.-Houston [14 Dist] 2008, pet. denied); *Brown v. Ke–Ping Xie,* 260 S.W.3d 118, 123 (Tex.App.-Houston [1 Dist.] 2008, no pet.); *City of Eagle Pass v. Wheeler,* 2008 WL 2434228, at *5 (Tex.App.-San Antonio June 18, 2008, no pet. h.); *Kelemen v. Elliott,* 260 S.W.3d 518, 524 (Tex.App.-Houston [1 Dist.] 2008, no pet. h.); *Texas Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379, 399–400 (Tex.App.-Fort Worth 2008, no pet.). Plaintiffs' *Sabine Pilot* claims, intentional infliction of emotional distress claims, and defamation

claims are within the scope of the Tort Claims Act and the purview of Section 101.106(e). Thus, because the County has moved to dismiss its employees in accordance with Section 101.106(e), the Court recommends that these claims alleged against the four individual defendants in their personal capacities be DISMISSED.

### c. Plaintiffs' Alternative Motion for Leave to File Amended Complaint Should Be Denied.

Should the County's motion to dismiss the individual defendants in their personal capacities be granted under Section 101.106(e), Plaintiffs move to file an amended complaint pleading their claims of intentional infliction of emotional distress, defamation, and discharge for refusal to commit illegal acts against the individual defendants only. (Dkt. No. 58 at ¶ 12). The Court construes Plaintiffs' argument to be that the *Erie* doctrine and/or Rule 15 of the Federal Rules of Civil Procedure should allow them to circumvent Section 101.106(e).

Additionally, Plaintiffs asked the Court for leave to amend their complaint in the event the County is not deemed an "employer" under Section 52.051 of the Texas Labor Code to allege a claim against Ms. Barrera in her personal capacity only. (Dkt. No. 58 at ¶ 31).

#### 1. Plaintiffs' argument under the *Erie* doctrine

■■■ Plaintiffs contend that Section 101.106 of the Texas Civil Practice and Remedies Code does not apply in this fed-

---

7. However, the Court acknowledges that, before *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659 (Tex.2008), Plaintiff may have had a viable argument. In *Meadours v. Ermel,* the Fifth Circuit stated that the Texas Supreme Court precedent left it "uncertain" as to whether the Texas Tort Claims

Act applied to intentional torts. *See* 483 F.3d 417, 424 (5th Cir.2007).

8. In determining questions of state law, "federal courts look to final decisions of the highest court of the state." *Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co., Ltd.,* 953 F.2d 985, 988 (5th Cir.1992).

eral proceeding because it is a procedural rule, rather than a substantive rule. (Dkt. No. 58 at ¶¶ 15–17). Under the doctrine set forth in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts are to apply state substantive law and federal procedural law. *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *see Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan,* 883 F.2d 345, 353 (5th Cir.1989) (applying Texas choice of law rules to the pendent state law claims). The *Erie* doctrine recognizes that it would be unfair for the character or result of a proceeding to materially differ because the suit had been filed in federal court. *Hanna,* 380 U.S. at 467, 85 S.Ct. 1136.

For cases involving an applicable federal rule, the Supreme Court has refined the *Erie* doctrine, holding that the federal rule will generally apply where it directly collides with state law. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 749, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Hanna,* 380 U.S. at 471–472, 85 S.Ct. 1136. However, "[w]here the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin,* 42 F.3d 948, 950 (5th Cir.1995). Thus, in determining whether a particular federal rule applies, the first question is whether the scope of the federal rule is "sufficiently broad to control the issue before the Court." *Walker,* 446 U.S. at 749–750, 100 S.Ct. 1978.

Here, Plaintiffs argue that Section 101.106 conflicts with Federal Rule of Civil Procedure 15(a) and (c) by prohibiting Plaintiffs from amending their pleadings. (Dkt. No. 58 at § 21). However, while the election of remedies provision of Section 101.106 impacts a plaintiff's ability to amend his complaint, Section 101.106 represents a substantive policy of the state and does not directly conflict with Rule 15.[9] Specifically, "[t]he function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interpreted the original complaint or answer." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1473 (2d ed. 1990). Furthermore, Rule 15(c) is based on the premise that once litigation has begun, a party should not be barred by the statute of limitations from later amending his pleadings to assert claims or defenses that arise out of the same conduct, transaction, or occurrence as set forth in the original pleadings. *See id.* at § 1496–97. In contrast, Section 101.106 is aimed at reducing the resources that the government and its employees must use in defending similar suits and alternative theories of recovery. *See Garcia,* 253 S.W.3d at 657. To this end, Section 101.106 establishes a clear substantive policy requiring plaintiffs to make an irrevocable election at the time of filing suit between proceeding against the government or the individual employees. *See id.* Moreover, Section 101.106 provides protection for governmental employees "by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *See id.* (citing Tex. Civ. Prac. & Rem.Code § 101.106(e), (f)).

---

9. Texas has a rule of civil procedure governing amendment of pleadings. *See* Tex.R. Civ. P. 63. Federal Rule of Civil Procedure 15 would clearly govern in the event of a conflict with that rule. Here, however, Federal Rule of Civil Procedure 15 is not broad enough to control the election of remedies issue governed by Section 101.106 of the Texas Civil Practices and Remedies Code.

Federal Rule of Civil Procedure 15 neither replaces nor addresses the substantive policy determinations embodied by the Tort Claims Act. There is not such a direct conflict between Federal Rule of Civil Procedure 15 and Section 101.106 so as to prevent their coexistence, as they are each designed to achieve different aims. Thus, because the scope of Federal Rule of Civil Procedure 15 is not broad enough to cover the policy determinations addressed by Section 101.106, or because there is no direct conflict between the federal rule and the state provision in this case, the Court must now analyze Section 101.106 under the principles established in *Erie*.[10] *See Affholder, Inc. v. Southern Rock, Inc.,* 746 F.2d 305, 308 (5th Cir.1984).

■ To determine whether Section 101.106(e) should be applied in this case, the Court must take into account the twin aims of the *Erie* doctrine: (1) discouragement of forum-shopping and (2) avoidance of inequitable administration of the laws. *See Hanna,* 380 U.S. at 468, 85 S.Ct. 1136. With regard to forum-shopping, the question is whether the availability of the state provision would affect the decision of whether to sue in federal court. *Herbert v. Wal–Mart Stores, Inc.,* 911 F.2d 1044, 1047 (5th Cir.1990). Here, if Section 101.106(e) was held to be inapplicable in federal court, a high likelihood exists that plaintiffs would try to bring state-law tort claims against both a state government entity and its employees as pendant claims in federal court to escape the effects of the election of remedies provision contained in Section 101.106(e).

The second aim of *Erie* looks to whether denial of the state provision in federal court would result in disparate treatment between those parties suing in state court and those suing in federal court on the same cause of action. *Id.* at 1047–48. If Section 101.106(e) was found not to apply in federal court, the result would be that governmental employees sued in their personal capacities would be subject to dismissal in state court upon the proper motion, but not in federal court. Thus, in order to curb forum-shopping and avoid inequitable administration of the laws, the election of remedies provisions in Section 101.106 should not be barred under the *Erie* doctrine.

2. Plaintiffs' argument under Rule 15

■ Should the County's motion to dismiss the individual defendants in their personal capacities be granted, Plaintiffs move to file an amended complaint against the individual defendants only, pleading their claims of intentional infliction of emotional distress, defamation, and discharge for refusal to commit illegal acts. (Dkt. No. 57 at ¶ 12). Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given by the court when justice so requires. "A district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004). However, the determination of whether a party should be granted leave to amend is entrusted to the sound discretion of the district court. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Specifically, the Fifth Circuit examines five considerations to determine

10. Had there been a direct conflict between Federal Rule of Civil Procedure 15 and Section 101.106, the Court would have had to analyze this conflict under *Hanna*. Under the *Hanna* analysis, the Court would have had to determine whether the federal rule was within the scope of the Rules Enabling Act, and if so, within a constitutional grant of power. *Hanna,* 380 U.S. at 470–472, 85 S.Ct. 1136; *see Walker,* 446 U.S. at 748, 100 S.Ct. 1978. If the Court would have made affirmative findings under *Hanna*, then the federal rule would govern in this case.

whether to allow leave to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Smith,* 393 F.3d at 595. "Absent any of these factors, the leave sought should be freely given." *Id.* (citation omitted).

The Court finds that Defendants would be unduly prejudiced if Plaintiffs were granted leave to amend their complaint to pursue their causes of action against the individual defendants in their personal capacities only. Plaintiffs argue that even if they are not allowed to amend their complaint, their civil rights claims brought under Section 1983 will remain pending and will substantially involve the same conduct as the state law claims. (Dkt. No. 58 at ¶ 25). Thus, Plaintiffs contend that dismissal of Plaintiffs' state law claims against the employees will in no way result in undue prejudice because Defendants would still have to conduct the same discovery in an effort to defend against Plaintiffs' Section 1983 claims. (*See id.*). However, while Plaintiffs' state law claims may involve issues similar to those presented in the Section 1983 claims, the fact remains that the individual Defendants would still be burdened by the exposure resulting from the additional theories of liability should Plaintiffs be allowed to pursue their state law claims, which are now prohibited as a result of Section 101.106(e).

■ Further, this Court has a "substantial reason" to deny Plaintiffs' request for leave to amend against the employees in their personal capacities. As stated above, Section 101.106 is aimed at reducing the resources that the government and its employees must use in defending similar suits and alternative theories of recovery. *See Garcia,* 253 S.W.3d at 657. By filing a motion to dismiss pursuant to Section 101.106(e), a governmental entity perfects the statutory right to a dismissal of its employees, and this right may not be mooted by a subsequent attempt on the part of the plaintiff to amend its original complaint. *Villasan v. O'Rourke,* 166 S.W.3d 752, 758 (Tex.App.-Beaumont 2005, pet. filed). Put simply, Defendants have a statutory right to obtain immediate dismissal upon the filing of a motion by the County, and allowing Plaintiffs to amend their pleading in contravention of the election of remedies provision of Section 101.106(e) would result in undue prejudice to Defendants and severely undermine the State's substantive policy.

Moreover, other district courts have refused to allow plaintiffs to amend their pleadings under Rule 15 so as to circumvent the election of remedies provision of Section 101.106(e). For example, in a case out of the Western District of Texas, the court acknowledged that a plaintiffs initial decision regarding what parties to sue under the Tort Claims Act constituted an irrevocable election of remedies. *Flores v. Sanchez,* 2005 WL 1404163, at *3 n. 6 (W.D.Tex.2005). As such, the court held that once the plaintiff makes such an election, the decision could not be rescinded by subsequent amendments to the plaintiff's complaint. *Id.* Simply stated, once the decision of what parties to sue is made, the plaintiff must abide by his decision and its consequences under Section 101.106. *See id.*

Similarly, another federal court in a case from the Northern District of Texas reasoned that a plaintiff may not avoid the force of Section 101.106 by amending its complaint to remove allegations made against the employee defendants in their official capacities. *Davray, Inc. v. Midlothian,* 2005 WL 1586574, at *17 n. 12 (N.D.Tex. July 6, 2005). There, the court construed the plaintiff's stipulation purportedly "clarifying" that it sought recov-

ery of its state law tort claims against the employee defendants in their individual capacities as a blatant effort to amend its complaint to escape the reach of Section 101.106. *Id.*

In both *Flores* and *Midlothian,* the courts prohibited plaintiffs from amending their complaints in an attempt to evade the consequences of Section 101.106, citing substantive policy reasons supporting their decisions. This Court agrees with the reasoning found in these decisions. As such, because the Court finds that granting Plaintiffs' request for leave to amend in order to pursue their state law claims against the individual employees in their personal capacities would cause the individual Defendants to be unduly prejudiced and would severely undermine the state of Texas' substantive policy, the Court recommends that Plaintiffs' alternative request for leave to amend their complaint under Federal Rule of Civil Procedure 15(a)(2) be DENIED.

### 3. Plaintiffs' additional request to amend their complaint

Finally, Plaintiffs asked the Court for leave to amend their complaint in the event the County is not deemed an "employer" under Section 52.051 of the Texas Labor Code to allege a claim against Ms. Barrera in her personal capacity only. Only Plaintiff Julissa Guajardo asserts a claim under Section 52.051 of the Texas Labor Code. (Dkt. No. 12 at ¶¶ 193–194). On January 28, 2009, Plaintiffs dismissed their claims under Section 52.051 of the Texas Labor Code against Ms. Novoa, Ms. Hernandez, and Ms. Jimenez only. (Dkt. No. 50 at ¶ 10). In its motion, the County sought dismissal only for the *Sabine Pilot* claims, the defamation claims, and the intentional infliction of emotional distress claims that Plaintiffs brought against the individual Defendants in their personal capacities under Section 101.106(e). (Dkt. No. 57 at ¶ 6.10) Neither the County nor

Ms. Barrera has moved under any theory or provision asking this Court to dismiss this claim against Ms. Barrera in her personal capacity. Therefore, Plaintiffs' request should be DENIED as MOOT.

## IV. Recommendation

For the foregoing reasons, the Court recommends that the state law claims of intentional infliction of emotional distress, defamation, discharge for refusal to commit illegal acts (the *Sabine Pilot* claim), and retaliation for complying with a valid subpoena (under Section 52.051) alleged against the County and Defendants Ms. Barrera, Ms. Novoa, Ms. Hernandez, and Ms. Jimenez in their official capacities be DISMISSED. Further, the Court recommends that the state claims of intentional infliction of emotional distress, defamation, and discharge for refusal to commit illegal acts (the *Sabine Pilot* claim) against Defendants Ms. Barrera, Ms. Novoa, Ms. Hernandez, and Ms. Jimenez in their individual capacities be DISMISSED. Therefore, it is recommended that the County's Motion to Dismiss (Dkt. No. 57) be GRANTED. Finally, it is recommended that Plaintiffs' "Alternative Motion for Leave to File Amended Complaint" (Dkt. No. 58) be DENIED IN ITS ENTIRETY.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

and adopted by the district court. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc* ).

SIGNED this 2nd day of April, 2009, at Laredo Texas.