COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-09-038-CV

 

 

DARREN B. SWAIN                                                              APPELLANT

 

                                                   V.

 

CORPORAL
JASON HUTSON,                                                 APPELLEES

OFFICER DORA DEWALL, 

SERGEANT DANIEL HENNING, 

COURT CLERK NORMA
WILLIAMS,

JUDGE STEWART MILNER, 

JUDGE ROSALIA MADDOCK, 

AND DOES 1B5

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Darren B. Swain, appearing pro se,
appeals the dismissal of his claims against appelleesCa number
of employees of the City of ArlingtonCCorporal
Jason Hutson, Officer Dora Dewall, Sergeant Daniel Henning, Court Clerk Norma
Williams, Judge Stewart Milner, Judge Rosalia Maddock, and Does 1B5.  Appellant asserts in four issues that the
trial court improperly dismissed his federal claims for the deprivation of his
civil and constitutional rights.  We
affirm in part and reverse and remand in part.

Background

Facts alleged in appellant=s
petition

On August 30, 2006, appellant parked his rental
car in the parking lot of a vacant restaurant in Arlington after one of the two
women in the car spilled a soft drink. 
While all three individuals were standing outside of the car, Arlington
Police Department (APD) Officer Dora Dewall arrived on the scene and began to
investigate.  Later, APD Officer Jason
Hutson arrived to assist in the investigation. 








At some point, Officer Hutson, who knew the two
women who were with appellant, threw appellant up against the rental car and
began to search him.  Officer Hutson
found sealed samples of Protronix and Levitra in appellant=s
pockets;[2]
the samples had been given to appellant by his physician.  The officers arrested appellant for
possession of dangerous drugs and also cited him for making an offer to buy and
sell goods or services on city property.[3]  After his release through bail on the night
of his arrest, appellant went to a wrecker service to reclaim his rental car,
but his drug samples and a number of cellular telephone ASIM@ cards,
valued at $500, were unaccounted for.

Over the next few months, appellant attempted on
several occasions to reclaim his drug samples and ASIM@ cards
from the police and obtain copies of the charges, police reports, and other
documents and information related to his arrest from other city officials, with
only limited success.  Appellant received
an additional ticket in the mail on January 3, 2007, charging him with a third
offense, itinerant vending without a license, arising out of the events of
August 30, 2006.

On February 1, 2007, Arlington Municipal Court
Judge Stewart Milner presided over appellant=s bench
trial on the charge of offering to buy or sell goods or services on city property.  Judge Milner found him guilty and imposed a
total monetary punishment of $173.  On
February 20, 2007, after an alleged ex parte hearing between the judge and the
prosecutor, the judge dismissed the charge for possession of dangerous drugs.








On March 2, 2007, appellant went to Arlington
Municipal Court Clerk Norma Williams to pay a bond so he could appeal his
conviction for offering to buy or sell on city property.  Initially, Williams refused to accept payment,
and although she eventually accepted a certified check in payment of the bond,
a Tarrant County Criminal Court later dismissed appellant=s appeal
because it found that the appeal bond was filed too late.

By May 2, 2008, appellant=s trial
on the itinerant vending charge had not occurred; thus, appellant filed a
motion to dismiss for the denial of his right to a speedy trial.  After appellant attempted to gain more
information about the charge from city officials, on July 17, 2008, almost two
years after the underlying event occurred, a jury in Arlington Municipal Judge
Rosalia Maddock=s court found appellant
guilty.  Appellant has separately
appealed his conviction for the itinerant vending charge.

Procedural history

Because of these events, appellant filed suit
against those whom he believed were responsible for his perceived injustices,
alleging state law intentional torts and violations of his federal constitutional
rights.  Appellant sued under theories of
assault, battery, unlawful search, false arrest, false imprisonment, fraud,
malicious prosecution, Ainstitution of ex post facto
charges,@ and
violations of due process and the right to a speedy trial.













In the first numbered paragraph of the petition,
appellant asserted that he was bringing his claims Aunder
the various applicable laws of the State of Texas and Sections 42 U.S.C. 1983
and 1985 of the United States Code.@  The petition contained eight distinct claims
for relief related to various aspects of the facts detailed above, and each of
these claims sought relief under both state and federal law.  Specifically, appellant stated the legal
basis for each respective claim as:  (1) A[t]hese
facts also give rise to plaintiff=s claims
against Hutson under 42 U.S.C. 1983 and 1985@ and Apursuant
to Texas and Federal law@; (2) A[t]he
facts of this pretextual arrest give rise to Swain=s claims
of false arrest and violation of his civil and constitutional rights@; (3) A[t]hus,
these facts and circumstances give rise to Swain=s state
law claims of malicious prosecution and his Federal law claims of violation of
his civil and constitutional rights@; (4) A[a]ctions
of all of the [Arlington] employees involved give rise to Swain=s state
law claims of false imprisonment and . . . to his Federal law claims
that his civil and constitutional rights were violated@; (5) A[t]his
action by functionaries of [Arlington] was performed under color of law in
violation of Swain=s civil and constitutional
rights and violated his protections under state law@; (6) Athese
actions . . . give rise to Swain=s claims
of violation of his civil and constitutional rights and his rights under state
law@; (7) A[b]ecause
the actions claimed of are not discretionary nor constitute judicial actions to
which immunity extends but are procedural actions for which there is no
immunity, Swain=s claims of violation of his due
process rights under the protections of state and Federal statutes and under
the state and United States Constitutions were violated under color of law@; and
(8) ASwain
believes that these deni[als] were clearly unlawful and conducted . . . in
a manner that violated both his state and Federal civil and constitutional
rights.@

Arlington filed a motion to dismiss its employees
under section 101.106(e) of the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code
Ann. '
101.106(e) (Vernon 2005) (stating that if a Asuit is
filed under [the Texas Tort Claims Act] against both a governmental unit and
any of its employees, the employees shall immediately be dismissed on the
filing of a motion by the governmental unit@).  However, Arlington=s motion
to dismiss its employees did not refer to appellant=s
federal claims.

Before the trial court ruled on Arlington=s
motion, appellant nonsuited Arlington in an attempt to prevent the
applicability of section 101.106(e) and to proceed only against the
employees.  Appellant also filed a
response to Arlington=s motion; his response argued
that he had Amade a lawful election of
remedies@ by
nonsuiting Arlington.  Another portion of
the response stated that appellant=s case Awas
brought under 42 U.S.C. '' 1983 and 1985,@ and the
response contained other references to appellant=s
federal claims.








The trial court granted Arlington=s motion
to dismiss the employees and granted appellant=s
voluntary nonsuit of Arlington. 
Appellant=s motion for new trial was
overruled by operation of law, and he timely filed his notice of this appeal.

The Dismissal of Appellant=s Claims

In his first two issues, appellant asserts that
his claims, at least those founded upon 42 U.S.C. ' 1983
(2003) (section 1983), were improperly dismissed by the trial court.  The trial court dismissed the claims against
appellees solely because of the election of remedies provision in section
101.106(e).[4]

State law claims








While appellant=s
petition in the trial court clearly brought claims under both Texas and federal
law, in his appeal, through many references in his brief, appellant
characterizes all of his claims as arising exclusively under section 1983, a
federal statute.  For instance, in the
titles of his first two issues, he asserts a Adeprivation
of his civil and Constitutional rights under color of law [under section 1983].@  And in his prayer, he asks us to remand this
case Awith
instructions establish[ing] [section 1983] as the >law of
the case.=@  Because the trial court=s order
dismissed all of appellant=s claims
against appellees and because appellant now claims only federal law causes of
action and does not assert any error related to the trial court=s
dismissal of his state law claims, we affirm the trial court=s
dismissal of his state law claims.  See
Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001); McCoy v. Rogers,
240 S.W.3d 267, 272 (Tex. App.CHouston
[1st Dist.] 2007, pet. denied) (indicating that appellate courts should affirm
a trial court=s unchallenged decisions).

Section 1983 claims

Therefore, our review is limited to determining
whether the trial court properly dismissed appellant=s
section 1983 claims against appellees. 
Section 101.106 of the civil practice and remedies code, part of the
Texas Tort Claims Act, states in relevant part,

(a) The filing of a suit under this chapter against a
governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against any
individual employee of the governmental unit regarding the same subject matter.

 

. . .
.

 








(e) If a suit is filed under this chapter against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.

 

Tex. Civ. Prac. & Rem. Code Ann. '
101.106(a), (e) (emphasis added); see id. '' 101.001B.109
(Vernon 2005 & Supp. 2009).  We have
not found any opinion from our court addressing the applicability of section
101.106 to federal section 1983 claims. 
When reviewing a question of law related to a dismissal under section
101.106, Texas courts have applied a de novo standard of review.  See Singleton v. Casteel, 267 S.W.3d
547, 550 (Tex. App.CHouston [14th Dist.] 2008, pet.
denied); Turner v. Zellers, 232 S.W.3d 414, 418 (Tex. App.CDallas
2007, no pet.); Kanlic v. Meyer, 230 S.W.3d 889, 892 (Tex. App.CEl Paso
2007, pet. denied).








In 2003, the legislature amended section 101.106
of the civil practice and remedies code as part of comprehensive tort
reform.  Mission Consol. Indep. Sch.
Dist. v. Garcia, 253 S.W.3d 653, 656 (Tex. 2008).  Section 101.106 forces a plaintiff to decide
whom he will sueCthe governmental entity or the
employee.  Id. at 657; Tex. Bay
Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 398 (Tex. App.CFort
Worth 2008, no pet.) (ABy requiring a plaintiff to make
an irrevocable election at the time suit is filed between suing the
governmental unit under the Tort Claims Act or proceeding against the employee
alone, section 101.106 narrows the issues for trial and reduces delay and
duplicative litigation costs.@).

Section 1983 provides a civil cause of action for
the deprivation of an individual=s
federal statutory or constitutional rights:

Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State . . . , subjects, or causes to be
subjected, any citizen of the United States . . . to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at
law.

 

42 U.S.C. ' 1983; see Felder v. Casey,
487 U.S. 131, 139, 108 S. Ct. 2302, 2307 (1988) (explaining that section 1983 Acreates
a species of liability@).  Thus, for a plaintiff to assert a claim under
section 1983, he must show that A(1) the
conduct complained of was committed by a person acting under color of state
law, and (2) the conduct deprived [that plaintiff] of rights, privileges, or
immunities secured by the Constitution, or the laws, of the United States.@  Leachman v. Dretke, 261 S.W.3d 297,
305 (Tex. App.CFort Worth 2008, no pet.) (op.
on reh=g).








Section 1983 provides a separate and distinct
legal basis from the Tort Claims Act for challenging the actions of a
governmental employee.  See Thomas
v. Allen, 837 S.W.2d 631, 632B33 (Tex.
1992); Brand v. Savage, 920 S.W.2d 672, 675 (Tex. App.CHouston
[1st Dist.] 1995, no pet.) (AMoreover,
state and federal constitutional claims are not barred by immunity.  For example, appellant could have
circumvented the Tort Claims Act and its effects by bringing a claim for
violation of her constitutionally protected rights under 42 U.S.C. ' 1983.@).  ASection
1983 imposes liability for violations of rights protected by the United States
Constitution, not for violations of duties of care arising under tort law.@  Leo v. Trevino, 285 S.W.3d 470, 479
(Tex. App.CCorpus Christi 2006, no pet.)
(citing Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir.), cert.
denied, 513 U.S. 815 (1994)); see also Albright v. Oliver, 510 U.S.
266, 271, 114 S. Ct. 807, 811 (1994) (explaining that section 1983 provides a Amethod
for vindicating federal rights@).








As we emphasized above, section 101.106(e) only
permits a governmental entity to obtain the dismissal of its employees from
suits filed Aunder this chapter@Cthe
Texas Tort Claims ActCnot for claims arising under
another statutory basis, such as section 1983. 
Tex. Civ. Prac. & Rem. Code Ann. '
101.106(e).  While Aunder
this chapter@ encompasses more claims than
just those to which the Tort Claims Act waives immunityCfor
instance, intentional torts may be Aunder
this chapter@ even though the Act does not
waive immunity for such tortsCit does
not include claims based on alternate, independent statutes that waive
sovereign or governmental immunity.  See
Garcia, 253 S.W.3d at 659 (explaining that claims arising under the Texas
Commission on Human Rights Act do not arise under the Tort Claims Act, and
therefore section 101.106(e) is inapplicable to those claims); Kelemen v.
Elliott, 260 S.W.3d 518, 523 (Tex. App.CHouston
[1st Dist.] 2008, no pet.) (relying on Garcia to hold that claims
brought under the Texas Whistleblower Act are not claims under the Tort Claims
Act, and section 101.106(e) therefore does not apply to such claims).

Local governments and their employees may be
liable under federal section 1983; governmental immunity does not shield them
from such suits.  See Monell v. Dep=t of
Soc. Servs. of City of N.Y., 436 U.S. 658, 690B91, 98
S. Ct. 2018, 2035B36 (1978); Ogletree v. Glen
Rose Indep. Sch. Dist., 226 S.W.3d 629, 633 (Tex. App.CWaco
2007, no pet.).  In Whitesell v.
Newsome, the Houston (14th District) Court of Appeals specifically held
that a section 1983 suit is not Aunder
this chapter@ for the purposes of applying
section 101.106.  138 S.W.3d 393, 396
(Tex. App.CHouston [14th Dist.] 2004, pet.
denied).  That court explained,








[Whitesell] argues that the federal court=s judgment . . . dictates
that he is immune from Newsome=s lawsuit pursuant to section 101.106 of the
Civil Practice and Remedies Code. 
Whitesell=s argument fails because
the basis for the federal court=s order was that [a school district] was not
liable under section 42 U.S.C. ' 1983; the court did not rule that [the district]
was not liable pursuant to the Texas Tort Claims Act.  Section 101.106 of the Civil Practice and
Remedies Code provides as follows:  AA judgment in an
action or a settlement of a claim under this chapter bars any action
involving the same subject matter by the claimant against the employee of the
governmental unit whose act or omission gave rise to the claim.@

 

Id.; see also Gonzalez v. Saenz, No. 04‑05‑00525‑CV,
2006 WL 622578, at *3 (Tex. App.CSan
Antonio Mar. 15, 2006, no pet.) (mem. op.) (also holding that a section 1983
suit is not Aunder this chapter@ for the
purposes of section 101.106=s
election of remedies).

Appellees rely on the Corpus Christi Court of
Appeals=s
decision in Walton v. Texas Department of Criminal Justice for the
proposition that section 101.106=s
election of remedies applies to section 1983 claims.  No. 13‑07‑00656‑CV, 2008 WL
3868113, at *2 (Tex. App.CCorpus Christi Aug. 21, 2008,
pet. denied) (mem. op.).  But the
dismissal of the plaintiff=s section
1983 claim in that case was not because of section 101.106, but because the ATDCJ is
a unit of the State government@ and is
therefore not subject to a section 1983 claim. 
Id.

During oral argument, appellees also relied on Alcala
v. Texas Webb County to support their argument that appellant=s
section 1983 claims should be dismissed under section 101.106.  620 F. Supp. 2d 795, 804B05 (S.D.
Tex. 2009).  But in Alcala, a
federal district court dismissed state common law claims under section
101.106(e), not claims based on a federal statute.  See id.








For these reasons, like the Houston (14th
District) and San Antonio courts, we hold that section 101.106(e) of the civil
practice and remedies code, which applies to only suits brought under the Tort
Claims Act, does not apply to federal section 1983 claims.  Because section 101.106(e) does not apply to
claims under section 1983, the trial court erred by dismissing those claims on
the appellees= statutory election of remedies
basis.[5]  Therefore, we sustain appellant=s first
two issues as they relate to the trial court=s
dismissal of his section 1983 claims against appellees that are contained in
each of the eight ACLAIM FOR RELIEF@
portions of his petition.[6]

Claims against Arlington








Finally, some statements in appellant=s brief
and reply brief request that we reverse the trial court=s order
dismissing his claims against Arlington, which he affirmatively requested by
nonsuiting those claims.  See Tex.
R. Civ. P. 162.  For instance, appellant
asserts that appellees= Aerroneous
pleadings that forced [him] into non-suiting [Arlington] in an abundance of
caution amount to nothing less than a material misrepresentation . . . for
which justice demands correction.@  Also, he states in his reply brief that the
reversal of Arlington=s dismissal is a Aquestion
to be settled in the future@ and is
a Aprocedural
matter within the discretion of@ our
court or the trial court.

A party cannot request specific action from a
trial court and then later complain on appeal when the court has ruled as
requested.  See In re Dep=t of
Family & Protective Servs., 273 S.W.3d 637, 646 (Tex.
2009).  Furthermore, appellant has
not cited any authority related to his requested reversal of Arlington=s
dismissal on a theory of fraud or material misrepresentation.  We conclude that, to the extent that
appellant=s issues challenge the trial
court=s order
dismissing Arlington in accordance with his nonsuit of Arlington, those issues
are waived by the invited error doctrine and by inadequate briefing.  See Tex. R. App. P. 38.1(i);
Fredonia State Bank v. Gen. Am.  Life
Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Gray v. Nash, 259 S.W.3d
286, 294 (Tex. App.CFort Worth 2008, pet. denied).

Conclusion








Because we have sustained appellant=s first
two issues as they relate to claims he pled against appellees under section
1983, we reverse the trial court=s order
dismissing those claims and remand this case to the trial court for further
proceedings related to those claims.  For
the reasons stated above, however, we affirm the trial court=s orders
to the extent that they dismissed appellant=s state
law claims against appellees and dismissed all of the claims against Arlington.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED: 
October 8, 2009











[1]See Tex. R. App. P. 47.4.





[2]According to appellant=s petition, Protronix
suppresses stomach acid, and Levitra helps patients with erectile dysfunction.





[3]It is unclear from
reading appellant=s petition what the
police thought appellant was attempting to buy or sell.





[4]Appellant also discusses
issues related to qualified immunity and the standards for prevailing in a
section 1983 claim, but the parties did not litigate those issues in the trial
court.





[5]We express no opinion on
whether appellant=s section 1983 claims
have legal or factual merit.  We only
hold that section 101.106, relied on by appellees as the sole basis for the
dismissal of appellant=s federal claims, cannot
support that dismissal.





[6]Because appellant=s remaining two issues
and his prayer also relate to his request that we reverse the trial court=s order as it pertains to
his section 1983 claims against appellees, and we have already determined that
such reversal should occur, we need not address the substance of those two
issues.  See Tex. R. App. P. 47.1;
Hawkins v. Walker, 233 S.W.3d 380, 395 n.47 (Tex. App.CFort Worth 2007, pet.
denied).