Opinion issued June 28, 2007














In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00103-CV






TEXAS DEPARTMENT OF HUMAN SERVICES, Appellant


V.


OLIVER OKOLI, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2001-31783





O P I N I O N


 Appellant, the Texas Department of Human Services ("TDHS"), appeals from
an interlocutory order denying its plea to the jurisdiction asserted against the claims
of appellee, Oliver Okoli. We determine (1) whether TDHS's challenges to Okoli's
claim under the Texas Whistleblower Act (1) are truly jurisdictional challenges, so that
they may be raised by jurisdictional plea, and (2) whether Okoli's claims for "malice"
and fraud are in fact "claims" that could be barred by sovereign immunity from suit
or whether they are simply allegations supporting his request for punitive damages. 
We dismiss the appeal.

Background


 Okoli worked for TDHS for seven years. He was first employed by TDHS as
a caseworker trainee, he became a "Worker I/Eligibility Specialist" approximately
one year later, and he was promoted to a "Worker II" position about two years after
that. While Okoli was a Worker II, Brendell Carroll became his unit's supervisor. 
According to Okoli's petition, "Ms. Carroll . . . engaged the unit in falsifying dates
and documents to avoid delinquencies in the handling of clients' cases." 

 Okoli first complained about the alleged date-falsification activity to Carroll,
whom Okoli contended retaliated against him. Okoli then reported the alleged date-falsification activity to Carroll's supervisor, John Robinson, and then to Robinson's
manager, Carol Maxie. Shortly after his report to Maxie, Okoli's employment was
terminated.

 Okoli pursued the administrative grievance procedure to contest his
termination, but the termination decision was sustained. Okoli then sued TDHS,
alleging violations of the Whistleblower Act and "cause[s] of action" for fraud and
malice. TDHS filed a jurisdictional plea, asserting that the trial court lacked subject-matter jurisdiction over Okoli's whistleblower claim because TDHS was not an
appropriate law enforcement authority and Okoli did not have a good-faith belief that
TDHS was such an authority. TDHS also asserted in its plea that the trial court
lacked subject-matter jurisdiction over Okoli's claims for fraud and malice because
the Texas Tort Claims Act ("TTCA") did not waive immunity from suit for
intentional wrongs like these. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.025,
101.057 (Vernon 2005). The trial court denied TDHS's jurisdictional plea, and
TDHS appealed. 

Plea to the Jurisdiction


 "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have merit." Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Although the plaintiff's
claims may form the context against which the jurisdictional plea is determined, the
plea generally "should be decided without delving into the merits of the case." Id. 
"[A] court deciding a plea to the jurisdiction is not required to look solely to the
[plaintiff's] pleadings but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised." Id. at 555. However, in general, "the proper
function of a dilatory plea does not authorize an inquiry so far into the substance of
the claims presented that plaintiffs are required to put on their case simply to establish
jurisdiction." Id. at 554. We review de novo a trial court's ruling on a jurisdictional
plea, construing the pleadings in the plaintiff's favor and looking to the pleader's
intent. See Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855
(Tex. 2002); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).

Whistleblower Claim


 In issues one and two, TDHS argues that the trial court erred in denying its
jurisdictional plea as to Okoli's whistleblower claim because TDHS was not an
appropriate law enforcement authority and Okoli did not have a good-faith belief that
TDHS was such an authority.

A. The Statute

 "Texas's Whistleblower Act prohibits a state or local governmental entity from
taking adverse personnel action against 'a public employee who in good faith reports
a violation of law by the employing governmental entity or another public employee
to an appropriate law enforcement authority.'" Tex. Dep't of Transp. v. Needham, 82
S.W.3d 314, 317 (Tex. 2002) (quoting Tex. Gov't Code Ann. § 554.002(a) (Vernon
2004)). "A public employee whose employment is suspended or terminated or who
is subjected to an adverse personnel action in violation of Section 554.002 is entitled
to sue for: (1) injunctive relief; (2) actual damages; (3) court costs; and (4) reasonable
attorney's fees." Tex. Gov't Code Ann. § 554.003(a) (Vernon 2004). 

 To effectuate this cause of action, the Whistleblower Act waives sovereign
immunity from suit and from liability:

 § 554.0035. Waiver of Immunity

 A public employee who alleges a violation of this chapter may sue
the employing state or local governmental entity for the relief provided
by this chapter. Sovereign immunity is waived and abolished to the
extent of liability for the relief allowed under this chapter for a violation
of this chapter.


Id., § 554.0035 (Vernon 2004). The first sentence of section 554.0035 waives
immunity from suit. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692,
696-97 n.6 (Tex. 2003) (citing in dictum first sentence of Texas Government Code
section 554.0035 as example of statutory language waiving immunity from suit);
accord State v. Lueck, 212 S.W.3d 630, 636 (Tex. App.--Austin 2006, pet. filed)
(citing Wichita Falls State Hosp.). The second sentence of section 554.0035 waives
immunity from liability. See Wichita Falls State Hosp., 106 S.W.3d at 696 n.5 (citing
in dictum second sentence of Texas Government Code section 554.0035 as example
of statutory language waiving immunity from liability); (2) Lueck, 212 S.W.3d at 636
(citing Wichita Falls State Hosp.). 

B. The Nature of TDHS's Challenges

 TDHS asserts, as it did below, that Okoli failed to invoke the Whistleblower
Act's waiver of immunity from suit because TDHS was not an appropriate law
enforcement authority. See Tex. Gov't Code Ann. § 554.002(a) (providing that act
protects public employee who "in good faith reports a violation of law by . . . another
public employee to an appropriate law enforcement authority") (emphasis added). 
Specifically, TDHS argues that (1) TDHS was not an appropriate law enforcement
authority in reality and (2) Okoli did not have a good-faith belief that TDHS was an
appropriate law enforcement authority. TDHS also argues that the Whistleblower Act
requires that a plaintiff show by pleading and evidence, in order to invoke the court's
jurisdiction over his claim, that he either brought the complaint to an appropriate law
enforcement authority or had a good-faith belief that he was doing so. That is, TDHS
argues that a plaintiff cannot simply allege a violation of the Whistleblower Act, but
must instead allege specific facts relating to the merits of his claims and, if the
defendant challenges jurisdiction and presents evidence in support, must raise at least
a fact issue as to the merits of his claim.

 The Austin Court of Appeals has twice rejected such arguments. See Lueck,
212 S.W.3d at 635-38; Tex. Bd. of Pardons & Paroles v. Feinblatt, 82 S.W.3d 513, 
520-22 (Tex. App.--Austin 2002, pet. denied). In both cases, a governmental unit
appealed the denial of its jurisdictional plea that had attacked a plaintiff's
whistleblower claim for the employee's not having made a good-faith report of a
violation of the law and for the employee's not having had a good-faith belief that he
was reporting that violation to an appropriate law enforcement authority. See Lueck,
212 S.W.3d at 634; Feinblatt, 82 S.W.3d at 520. The Austin court in both cases
rejected the argument that these matters were jurisdictional. The Austin court's
reasoning in both cases was as follows. In a whistleblower suit, "a plaintiff's good-faith report of illegal activity to an appropriate law enforcement authority is an
element of the cause of action." Feinblatt, 82 S.W.3d at 520 (emphasis added). "An
element of a plaintiff's cause of action does not affect the trial court's subject-matter
jurisdiction but rather the employee's ability to ultimately prevail on the merits of the
claim." Id. That is, "whether [the public employee] acted in good faith affects the
merits of his cause of action; it does not affect the trial court's jurisdiction to hear the
case." Id. at 521. 

 The Whistleblower Act's waiver of immunity from suit provides that "[a]
public employee who alleges a violation of this chapter may sue the employing state
or local governmental entity for the relief provided by this chapter." Lueck, 212
S.W.3d at 636 (quoting Tex. Gov't Code Ann. § 554.0035). This waiver of
immunity from suit "is clear and unambiguous: a public employee need only allege
a violation of the Whistleblower Act to confer subject-matter jurisdiction on the trial
court." Id. That is, the only facts relevant to the jurisdictional inquiry are those
pertaining to (1) the plaintiff's status as a public employee and (2) whether the
plaintiff adequately alleged a violation of the Whistleblower Act. Id. Facts
concerning the elements of a whistleblower suit--such as whether the employee had
good faith in reporting a violation, whether he reported the violation to an appropriate
law enforcement authority, whether he had a good-faith belief that the agency to
which he reported was such an authority, or whether the matter that the employee
reported was a violation of the law--are irrelevant to whether the plaintiff has
invoked the trial court's subject-matter jurisdiction. See id. at 637. Rather, these
other matters concern the merits of the plaintiff's whistleblower claim. (3) See
Feinblatt, 82 S.W.3d at 520.

 We note that the Texas Supreme Court, although not having expressly ruled on
this issue, has treated challenges like those that TDHS raised in its jurisdictional plea
here as elements of a whistleblower claim, rather than as jurisdictional prerequisites
to suit. See Tex. Dep't of Transp. v. Needham, 82 S.W.3d 314 (Tex. 2002); City of
Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995). In these cases, after the
supreme court had held that legally insufficient evidence showed that the agency to
which the plaintiffs reported was an appropriate law enforcement authority and that
the employees had a good-faith belief that their employers were such authorities, the
court reversed the verdicts for the plaintiffs and rendered take-nothing judgments on
their whistleblower claims--without any discussion of subject-matter jurisdiction. 
See Needham, 82 S.W.3d at 322; Bouillion, 896 S.W.2d at 145-46, 150; see also
McCauley v. Consol. Underwriters, 157 Tex. 475, 478, 304 S.W.2d 265, 266 (1957)
(considering unassigned, fundamental error). A take-nothing judgment is a judgment
on the merits. See Howeth Invests. v. White, No. 01-05-00118-CV, 2007 WL 529924,
at *5 (Tex. App.--Houston [1st Dist.] Feb. 22, 2007, no pet.). 

 In contrast, the proper remedy for an incurable impediment to subject-matter
jurisdiction based on sovereign immunity from suit is dismissal of the underlying suit. 
See, e.g., Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has
been provided a reasonable opportunity to amend after a governmental entity files its
plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts
that would constitute a waiver of immunity, then the trial court should dismiss the
plaintiff's action."); Volume Millwork, Inc. v. W. Houston Airport Corp., 218 S.W.3d
722, 726 (Tex. App.--Houston [1st Dist.] 2006, pet. denied) ("A court's lack of
jurisdiction over the subject matter . . . requires dismissal of the cause."). The fact
that (1) the supreme court rendered a take-nothing judgment, rather than a dismissal
of the underlying suit, upon having found no evidence of an element of the
whistleblower claims and that (2) it did not discuss subject-matter jurisdiction in
these cases indicates that the supreme court did not consider those elements to be
jurisdictional prerequisites to suit. 

C. The Effect of Texas Department of Parks & Wildlife v. Miranda

 TDHS nonetheless asserts that, under the specific language of the waiver of
immunity found in section 554.0035, the jurisdictional facts are virtually co-extensive
with the "merits" facts, so that Okoli was required to raise at least a fact issue on the
merits of his claim in order to establish jurisdiction over it. In support, TDHS relies
on the Texas Supreme Court's decision in Texas Department of Parks & Wildlife v.
Miranda, in which the court construed what TDHS considers to be similar waiver-of-sovereign-immunity language in the TTCA. (4) See 133 S.W.3d 217 (Tex. 2004). 

 We disagree, as has the Austin Court of Appeals, that Miranda affects our
holding or that the TTCA's unique waiver of immunity is like that in the
Whistleblower Act. See Lueck, 212 S.W.3d at 636-37; see also Feinblatt, 82 S.W.3d
at 521-22. In Miranda, the plaintiffs sued a governmental unit, alleging negligence
and gross negligence. 133 S.W.3d at 220-21. The governmental unit filed a
jurisdictional plea and attached evidence in support. Id. at 221-22. In its plea, the
governmental unit argued that, because gross negligence was a jurisdictional
prerequisite to suit, as well as a "merits" issue, the court lacked subject-matter
jurisdiction over the claims because (1) the plaintiffs had not pleaded specific facts
underlying gross negligence and (2) the governmental unit's evidence affirmatively
negated gross negligence. Id. at 222. The plaintiffs produced no evidence in
response to the plea, instead relying on their petition's general allegations of gross
negligence and its invocation of the TTCA. Id. 

 The Miranda Court first noted that the TTCA's waiver of immunity from suit
presented a "unique statutory scheme in which the two immunities [from suit and
from liability] are co-extensive: 'sovereign immunity to suit is waived and abolished
to the extent of liability created by this chapter.'" Id. at 224 (quoting Tex. Civ. Prac.
& Rem. Code Ann. § 101.025(a)) (emphasis added). The Miranda court then
determined that "section 101.058 of the Tort Claims Act further modifies a
governmental unit's waiver of immunity from suit by imposing the limitations of
liability articulated in the recreational use statute." Id. at 225 (citing Tex. Civ. Prac.
& Rem. Code Ann. § 101.058 (Vernon 2005) ("To the extent that Chapter 75
[recreational use statute] limits the liability of a governmental unit under
circumstances in which the governmental unit would be liable under [TTCA], Chapter
75 controls.")). The recreational use statute, in turn, limited the particular
governmental unit's duty to not injuring Miranda through willful or wanton conduct
or gross negligence. Id. at 225 (citing Tex. Civ. Prac. & Rem. Code Ann.
§ 75.002(d) (Vernon Supp. 2006). Because the TTCA waived sovereign immunity
from suit only to the extent of the liability that it created (including the liability under
the recreational use statute, which it incorporated by reference), the governmental
unit's gross negligence became a jurisdictional fact, as well as a "merits" issue. Id. 
The Miranda court held that, under the TTCA's "unique scheme" in which "the facts
underlying the merits and subject matter jurisdiction are intertwined," when a
defendant "asserts and supports with evidence that the trial court lacks subject matter
jurisdiction," the plaintiff must "show that there is a disputed material fact regarding
the jurisdictional issue." Id. at 228.

 Whereas the TTCA makes sovereign immunity from suit and liability
coextensive, the Whistleblower Act does not. See Lueck, 212 S.W.3d at 637. The
Whistleblower Act's waiver of immunity from suit, found in the first sentence of
section 554.0035, reads, "A public employee who alleges a violation of this chapter
may sue the employing state or local governmental entity for the relief provided by
this chapter." Tex. Gov't Code Ann. § 554.0035; see Wichita Falls State Hosp.,
106 S.W.3d at 696-97 n.6; Lueck, 212 S.W.3d at 636. This language does not "tie"
the waiver of immunity from suit to the waiver of immunity from liability or to the
merits of the whistleblower case. See Lueck, 212 S.W.3d at 637. Rather, this
language makes the only jurisdictional prerequisites to suit the plaintiff's status as a
public employee and the sufficiency of his whistleblower allegations. Id. at 636. 
Because the Whistleblower Act's waivers of sovereign immunity from suit and
sovereign immunity from liability are not coextensive, Miranda does not control. 
Lueck, 212 S.W.3d at 637. Because Miranda does not control, Okoli did not have to
raise a fact issue on the merits of his whistleblower claim (e.g., a good faith belief that
TDHS was an appropriate law enforcement authority) in order to show jurisdiction. (5) 
See id. at 637-38 ("While this evidence [good faith and appropriate law enforcement
authority] may negate the Department's liability under the Whistleblower Act, it
would not, even if true, affect the district court's subject-matter jurisdiction to hear
the case."); see also Feinblatt, 82 S.W.3d at 522 ("[T]he Whistleblower Act does not
condition the waiver of immunity on the existence of the employee's good faith. 
Therefore, an employee's lack of good faith does not deprive the court of jurisdiction
but merely affects the employee's right to recover on the merits of the claim.").

D. Conclusion

 Accordingly, we hold that the Whistleblower Act makes the only jurisdictional
prerequisites to maintaining a whistleblower suit the plaintiff's status as a public
employee and the sufficiency of his whistleblower allegations. Lueck, 212 S.W.3d
at 636. Therefore, whether Okoli actually reported to an appropriate law enforcement
authority, or whether he had a good-faith belief that TDHS was such an authority, is
an element of his whistleblower claim and cannot be a jurisdictional prerequisite to
suit. See id. at 637-38. TDHS's jurisdictional plea asserted and presented evidence
on only these non-jurisdictional elements of Okoli's whistleblower claim. The
procedural mechanism of a jurisdictional plea could not be used to assert those
challenges. See id. at 638.

 We overrule TDHS's issues one and two. 

Other "Claims"


 In issue three, TDHS argues that the trial court erred in denying its
jurisdictional plea asserted against Okoli's claims for malice and fraud.

 We agree with TDHS that the TTCA does not waive immunity from suit for 
intentional torts, such as fraud. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057
(Vernon 2005). We also recognize that Okoli's petition described his allegations of
malice and fraud as "cause[s] of action" and that even his appellee's brief refers to
these allegations as "claims." However, in his appellee's brief, Okoli also states:

 [TDHS] has employed the wrong legal theory to appeal: [TTCA]
§ 101.057. Mr. Okoli's malice and fraud claims [sic] come under Civ.
Prac. & Rem. Code § 41.003(a) . . . .


Section 41.003 does not establish a cause of action. Rather, that section allows for
the recovery of exemplary damages upon clear and convincing evidence of fraud,
malice, or gross negligence. Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)
(Vernon Supp. 2006). By this concession in his appellee's brief, Okoli has judicially
admitted that his petition's allegations of "malice" and "fraud" were merely
allegations on which he might base a request for exemplary damages, rather than their
being causes of action. See Jansen v. Fitzpatrick, 14 S.W.3d 426, 431 (Tex.
App.--Houston [14th Dist.] 2000, no pet.) (recognizing that statements in appellee's
brief can constitute judicial admissions). TDHS's jurisdictional plea attacked these
allegations as if they were causes of action--which is understandable because Okoli's
petition had misdescribed them as such. Because these allegations were not causes
of action, but were instead merely allegations supporting damages, they could not
implicate subject-matter jurisdiction, and a jurisdictional plea could not be used to
attack them.

 We overrule TDHS's issue three.

Conclusion


 We must nonetheless dismiss the appeal, rather than affirm the order denying
the jurisdictional plea. In our recent opinion in City of Seabrook v. Port of Houston
Authority, we explained why Texas Supreme court authority requires this disposition:

 The Texas Supreme Court has determined that "an interlocutory appeal
cannot be taken from the denial of a plea to the jurisdiction that does not
raise an issue that can be jurisdictional." [Tex. Dep't of Criminal Justice
v. Simons, 140 S.W.3d 338, 349 (Tex. 2004); Univ. of Tex. Southwestern
Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 365 (Tex. 2004),
abrogated on other grounds by Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2006)]. An appellate court thus should dismiss an
interlocutory appeal "when the issue raised [in the jurisdictional plea]
cannot implicate subject matter jurisdiction." Simons, 140 S.W.3d at
349. For the reasons discussed, the issue raised in the City's
jurisdictional plea--the Port's failure to obtain the City's consent to the
condemnation under Water Code section 62.106(d)--is not
jurisdictional. Accordingly, we dismiss this appeal for want of
jurisdiction and do not determine the merit of the City's claim in
intervention. See Simons, 140 S.W.3d at 343; Loutzenhiser, 140 S.W.3d
at 365-366.


199 S.W.3d 403, 413 (Tex. App.--Houston [1st Dist.] 2006, pet. granted) (footnotes
omitted). Although "[t]he language of [Texas Civil Practice and Remedies Code]
section 51.014(a)(8) suggests that an appellate court has interlocutory jurisdiction
based on the type of ruling made below (i.e., one granting or denying a governmental
unit's jurisdictional plea), rather than on the substance of the plea," we followed
Loutzenhiser and Simons as binding authority. Id. at 413 n.15. We do so again today.

 We dismiss the appeal.



 Tim Taft

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. See Tex. Gov't Code Ann. § 554.001-.009 (Vernon 2004).
2. The way that the Wichita Falls State Hospital court interpreted the second
sentence of section 554.0035, it is as if that sentence read, "Sovereign
immunity from liability is waived and abolished to the extent of liability for the
relief allowed under this chapter for a violation of this chapter." (Emphasis
added.) That is, the Texas Supreme Court interpreted the term "sovereign
immunity"--which can be used to describe immunity from suit or immunity
from liability--in section 554.0035 to refer to immunity from liability. See
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 n.5 (Tex. 2003).
3. We recognize that some of our sister courts of appeals have treated "merits"
challenges like those asserted by TDHS here as if they were jurisdictional
prerequisites that could be challenged by jurisdictional plea. See City of Waco
v. Lopez, 183 S.W.3d 825, 829-31 (Tex. App.--Waco 2005, pet. granted);
Potter County v. Parton, No. 07-03-0338-CV, 2005 WL 1355111, at *3-4
(Tex. App.--Amarillo June 8, 2005, no pet.) (memo. op.); Scott v. Godwin, 147
S.W.3d 609, 620-23 (Tex. App.--Corpus Christi 2004, no pet.); County of
Bexar v. Steward, 139 S.W.3d 354, 358-62 (Tex. App.--San Antonio 2004,
no pet.); Bexar County v. Lopez, 94 S.W.3d 711, 713-16 (Tex. App.--San
Antonio 2002, no pet.); Burnet County Sheriff's Dep't v. Carlisle, No. 03-00-00398-CV, 2001 WL 23204, at *2-8 (Tex. App.--Austin Jan. 11, 2001, no
pet.) (memo. op.) (implicitly overruled by Feinblatt and Lueck). We decline
to follow those courts, however, because in each case, the courts merely
assumed that the challenges were jurisdictional prerequisites, without
considering or discussing whether they actually were. Moreover, we have
already explained why such matters are not jurisdictional prerequisites to suit.
4. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon 2005)
("Sovereign immunity to suit is waived and abolished to the extent of liability
created by this chapter.") (emphasis added). 
5. We recognize that the Legislature, effective September 1, 2005, has provided
that all "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements in
all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2006); see Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1,
2005 Tex. Gen. Laws 3783, 3783. That provision does not control here. 
Whether the agency to which one reported is an appropriate law enforcement
authority, and whether one believed in good faith that the agency was such an
authority, are not prerequisites to suit for the reasons that we have stated
herein.