**TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES, Petitioner,**

**v.**

**Oliver OKOLI, Respondent.**

No. 07–0642.

Supreme Court of Texas.

Aug. 28, 2009.

Rehearing Denied Nov. 20, 2009.

Ryan D. Clinton, Hankinson Levinger, Dallas, TX, Greg W. Abbott, Attorney General of Texas, Kent C. Sullivan, David S. Morales, Office of Attorney General, Rafael Edward Cruz, Office of Attorney General, Russ Wayne Harris, Bill Davis, Office of Solicitor General, Austin, TX, for Petitioner.

Okon J. Usoro, Okon J. Usoro, P.C., Houston, TX, Oliver Okoli, Alief, TX, for Respondent.

PER CURIAM.

Oliver Okoli sued the Texas Department of Health and Human Services (TDHS) under the Texas Whistleblower Act, alleging that he was terminated for reporting to a program manager that his immediate supervisor "engaged the unit in falsifying dates and documents to avoid delinquencies in the handling of clients' cases." TDHS filed a plea to the jurisdiction based on immunity from suit, claiming that the trial court lacked subject-matter jurisdiction because Okoli failed to make a good faith report of a violation of law to an appropriate law enforcement authority. See Tex. Gov't Code § 554.002(a). The trial court denied the plea to the jurisdiction and TDHS appealed. See Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit). The court of appeals agreed with the trial court, holding that whether Okoli actually reported the alleged violation to an appropriate law enforcement authority could not be considered a "jurisdictional prerequisite to suit," though it dismissed the appeal on other grounds. 263 S.W.3d 275, 282–83; see also Tex. Gov't Code § 554.0035. However, in State v. Lueck, 290 S.W.3d 876, 883 (Tex.2009), we held that "the elements of

section 554.002(a) can be considered to determine both jurisdiction and liability." Accordingly, whether Okoli's report to a program manager was a good faith report of a violation of law to an appropriate law enforcement authority is a jurisdictional question. Therefore, without hearing oral argument, TEX.R.APP. P. 59. 1, and for the reasons explained in *Lueck,* we reverse and remand to the court of appeals to determine whether Okoli has alleged a violation under the Act. *See* TEX. GOV'T CODE § 554.002(a).