IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0642
════════════
 
Texas Department of Health and 
Human Services, Petitioner,
 
v.
 
Oliver Okoli, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Oliver Okoli sued the Texas Department of 
Health and Human Services (TDHS) under the Texas Whistleblower Act, alleging 
that he was terminated for reporting to a program manager that his immediate 
supervisor “engaged the unit in falsifying dates and documents to avoid 
delinquencies in the handling of clients’ cases.” TDHS filed a plea to the 
jurisdiction based on immunity from suit, claiming that the trial court lacked 
subject-matter jurisdiction because Okoli failed to 
make a good faith report of a violation of law to an appropriate law enforcement 
authority. See Tex. Gov’t Code § 
554.002(a). The trial court denied the plea to the 
jurisdiction and TDHS appealed. See Tex. Civ. Prac. & Rem. Code § 
51.014(a)(8) (permitting appeal from an interlocutory 
order that denies a plea to the jurisdiction by a governmental unit). The court 
of appeals agreed with the trial court, holding that whether Okoli actually reported the alleged violation to an 
appropriate law enforcement authority could not be considered a “jurisdictional 
prerequisite to suit,” though it dismissed the appeal on other grounds. 263 
S.W.3d 275, 282–83; see also Tex. 
Gov’t Code 
§ 554.0035. However, in State v. Lueck, ___ S.W.3d ___, ___ (Tex. 2009), we held that 
“the elements of section 554.002(a) can be considered to determine both 
jurisdiction and liability.” Accordingly, whether Okoli’s report to a program manager was a good faith report 
of a violation of law to an appropriate law enforcement authority is a 
jurisdictional question. Therefore, without hearing oral 
argument, Tex. R. App. P. 59.1, and for the reasons 
explained in Lueck, we reverse and remand to 
the court of appeals to determine whether Okoli has 
alleged a violation under the Act. See Tex. Gov’t Code § 554.002(a).
 
OPINION DELIVERED: August 28, 
2009