**Affirmed and Memorandum Opinion filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00380-CV

---

## HARRIS COUNTY – HOUSTON SPORTS AUTHORITY, Appellant

### V.

## FERNANDO CHILEL, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2011-43800**

---

## M E M O R A N D U M   O P I N I O N

In this personal injury case, appellant Harris County – Houston Sports Authority ("HSA") contends the trial court erred by denying HSA's plea to the jurisdiction.[1] We affirm.

---

[1] We have statutorily-conferred authority to review the trial court's interlocutory order denying HSA's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012).

# I. BACKGROUND

It is undisputed that HSA is a governmental entity and it owns Minute Maid Park. Chilel sued HSA[2] for negligence under the Texas Tort Claims Act ("TTCA")[3] for injuries he sustained while performing electrical work at Minute Maid Park. Chilel alleged that on March 8, 2011, he was employed by Benjamin Electrical Services, which had been hired to perform electrical work at Minute Maid Park. Chilel was standing near a temporary safety railing "improperly fastened with small zip ties," and while calling out to a co-worker below, the railing "gave way," causing Chilel to fall fifteen to twenty feet down to the concrete below. Chilel sustained various injuries due to the fall. Chilel asserts HSA breached its duty to provide him with a safe workplace because, to reach the electrical work he was performing, he was required to stand on unsafe platforms. More specifically, Chilel alleged HSA breached its duty by:

a. Failing to provide an adequate and safe workplace;

b. Failing to recognize the railing was unsafe;

c. Failing to provide [him] with proper materials and equipment;

d. Failing to use reasonable care in securing the railing;

e. Failing to warn [him] of the instability of the railing; [and]

f. Failing to restrict access to the railing area.

HSA filed a plea to the jurisdiction, (1) asserting Chilel—as the plaintiff asserting a premises defect claim—was required, but failed, to allege HSA had actual knowledge of the dangerous condition, and (2) submitting affidavit evidence

---

[2] Chilel also sued other entities that are not parties to this appeal.

[3] *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–101.109 (West 2011 & Supp. 2012).

that HSA did not have actual knowledge of the dangerous condition. The trial court denied HSA's plea, and HSA filed this interlocutory appeal.

## II. PLEA TO THE JURISDICTION

### A. Standard of Review

If a governmental unit has immunity from suit, the trial court lacks subject-matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Whether a court has subject-matter jurisdiction is a question of law we review *de novo*. *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.*

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then a plea to the jurisdiction should not be granted, and the fact issue must be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. We take as true all evidence favorable to the plaintiff, and we indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.*

### B. Analysis

The TTCA provides a limited waiver of governmental immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to

3

the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011).

Chilel brought a negligence cause of action against HSA alleging he had suffered personal injury caused by HSA's *use of tangible personal property*, i.e., HSA's improper use of the plastic zip ties that were applied in an attempt to secure the temporary safety railing. Further, Chilel alleged he had suffered personal injury caused by the *condition of tangible personal property*, i.e., the dangerous condition of the temporary safety railing that was not secured safely.

In its plea to the jurisdiction, HSA failed to address either of these bases for Chilel's claims; rather, HSA focused solely on its argument that, in a premises defect case dealing with a dangerous condition of real property, a plaintiff must plead and prove the governmental entity had actual knowledge of the dangerous condition. Likewise, in its appellant's brief, HSA asserts the trial court erred in denying its plea to the jurisdiction because of the evidence that HSA did not have actual knowledge of the "premises defect." Not until its reply brief on appeal does HSA address Chilel's claims involving condition or use of *tangible personal property*, arguing that Chilel failed to plead or establish that HSA used the personal property, and further arguing that the condition of the personal property was part of a premises defect claim involving real estate.

With regard to the "condition" of personal property claim, the temporary nature of the subject railing and plastic zip ties shows that they are personal property, not fixtures attached to real property; thus the premises defect line of authorities relied on by HSA is inapplicable. *See State v. San Miguel*, 981 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1998) (determining barrels attached to railing with cable were personal property, not real property, because they were intended to be temporary solution), *rev'd on other grounds*, 2 S.W.3d 249 (Tex.

4

1999); *Tex. Dep't of Transp. v. Henson*, 843 S.W.2d 648, 652 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (determining barrel-signs were tangible personal property because they "were not intended to be a permanent part of the highway").[4]

With regard to the "use" of personal property claim, Chilel alleged that HSA failed to use reasonable care in securing the temporary railing, i.e., that HSA improperly used the plastic zip ties. The affidavit of HSA's executive director, stating that HSA had no knowledge that a dangerous condition existed, did not conclusively negate the allegation that HSA through its agents or employees used the plastic zip ties to secure the temporary railing. We are to construe pleadings liberally in favor of the plaintiff, and we indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *See Miranda*, 133 S.W.3d at 226–28. We overrule HSA's issues one through three.

In issue four, HSA asserts the trial court erred in not granting HSA's plea to the jurisdiction to the extent Chilel sought exemplary damages, because the TTCA does not authorize exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.024 (West 2011) ("This chapter does not authorize exemplary damages."). The extent of damages Chilel may be entitled to recover from HSA is not a matter of immunity from suit relevant to the trial court's subject-matter jurisdiction, but a matter pertaining to immunity from liability. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003) ("Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be

---

[4] Whether personalty has become affixed to realty, such that it constitutes an improvement, depends upon: (1) the mode and sufficiency of annexation; (2) the adaptation of the personalty to the use or purpose of realty; and (3) the intention of the owner. *Sonnier v. Chisholm–Ryder Co.*, 909 S.W.2d 475, 479 (Tex. 1995). The third factor is preeminent, and the first two factors are considered evidence of intent. *Id.*

raised in a plea to the jurisdiction.").  Thus, a governmental defendant may not use a plea to the jurisdiction to attack a plaintiff's claim for exemplary damages.  *See Tex. Dep't of Human Servs. v. Okoli*, 263 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2007), *rev'd on other grounds*, 295 S.W.3d 667 (Tex. 2009); *Webb Cnty., Tex. v. Sandoval*, 88 S.W.3d 290, 297 (Tex. App.—San Antonio 2002, no pet.); *City of Cleburne v. Trussell*, 10 S.W.3d 407, 410 (Tex. App.—Waco 2000, no pet.); *see also Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 103 (Tex. App.—Dallas 2006, pet. denied).  We overrule issue four.

We affirm the trial court's denial of HSA's plea to the jurisdiction.


/s/     Margaret Garner Mirabal
        Senior Justice


Panel consists of Justices Boyce, McCally, and Mirabal.[5]

---

[5] Senior Justice Margaret Garner Mirabal sitting by assignment.