In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00183-CV
_____

**WINDHAM SCHOOL DISTRICT, Appellant**

**V.**

**EVEN THOMAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 23CCCV0176**

**MEMORANDUM OPINION**

In this accelerated appeal, Windham School District ("WSD") appeals an interlocutory order denying its Plea to the Jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (allowing for interlocutory appeal from a denial of a plea to the jurisdiction). As discussed below, we reverse the trial court's Order denying WSD's Plea to the Jurisdiction and render judgment dismissing Thomas's claims.

1

## Background

In May 2023, Even Thomas ("Thomas") filed his Original Petition against WSD. Thomas alleges that he was wrongfully terminated from his position as a teacher in WSD, a district that provides educational services to students in the Texas Department of Criminal Justice ("TDCJ"). A termination letter specified that Thomas violated the rules when he failed to comply with the directives and policies of the TDCJ and WSD, and refused to be pat searched when he entered the facility.

In his Original Petition, Thomas alleged claims of discrimination, retaliation, and wrongful termination under the Texas Whistleblower Act.[1] Thomas later filed an amended petition that only alleged a retaliation claim under the Texas Whistleblower Act.

In response, WSD filed an Answer to Plaintiff's Second Amended Petition and Plea to the Jurisdiction. In the Plea to the Jurisdiction, WSD argued that it is entitled to sovereign immunity under the Texas Whistleblower Act because Thomas failed to allege a violation of law or that he had reported violations to a law enforcement authority. They also argued that Thomas failed to allege that he had

---

[1]WSD removed the suit to federal court based on its belief that Thomas filed his suit under Title VII, the Age Discrimination in Employment Act, and the Whistleblower Act. The suit was remanded back to state court when Thomas clarified that "he was only pursuing a Texas Whistleblower Act claim pursuant to Texas state law and disclaiming any interest in litigating federal causes of action."

initiated the grievance process regarding his termination and timely filed this lawsuit as required by the Act.

Thomas responded twice in the same day to WSD's Answer to his Second Amended Petition and filed an opposition to WSD's Plea to the Jurisdiction stating that he was not seeking relief under the Texas Whistleblower Act, but under the Texas Labor Code. The same day, Thomas also filed a Third Amended Petition titled "Plaintiff's Third Amended Pleadings Took Out the Word Whistleblower" that alleged WSD had retaliated against him by terminating him when he reported violations, refused to falsify documents, and called the Fraud Hotline on his supervisor. Nine days later, Thomas also filed "Plaintiff Files Legal Pleading under Texas Labor Code Chapter 21 Employment Discrimination" that alleged that WSD discriminated against him based on his age, because he was fifty-six years old at the time of his termination. Thomas also claimed that WSD retaliated against him by terminating him because he reported to the Windham Fraud Hotline that the principal was "stealing time." He alleged that WSD discriminated against him when he refused to make false statements by evaluating him differently compared to others, not recording him on the surveillance cameras, not allowing him to miss workdays, and planting evidence used to terminate him.

In late January 2024, and in response to Thomas's filings, WSD filed its Answer to Plaintiff's Third Amended Petition and Plea to the Jurisdiction. In its Plea

3

to the Jurisdiction, WSD argued that it is entitled to sovereign immunity and the case should be dismissed for lack of jurisdiction because Thomas failed to meet the prima facie elements for both age discrimination and retaliation under the Texas Labor Code. Specifically, WSD asserted that Thomas "fails to allege elements of discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA")."

In February 2024, Thomas filed a response to WSD's Plea to the Jurisdiction and argued that the trial judge was unfair and gave WSD an advantage when they did not appear at a hearing on January 18, 2024. Thomas requested that all WSD filings after January 18, 2024, be stricken and that the trial court consider WSD's removal of the case to federal court as fraudulent. Thomas stated that he is being penalized for being pro se, and he wants to return to work.

About a month later, Thomas filed "Plaintiff's Opposed Defendant [WSD]'s Answer to Plaintiff's Third Amended Petition and Plea to the Jurisdiction." In the filing, Thomas requests the trial court "waive" WSD's sovereign immunity claim because WSD fraudulently removed this case to federal court. Thomas further argued that he will be able to establish a prima facie case of retaliation once discovery is completed. Thomas stated that he did not refuse a pat search, that he will file a claim under the Texas Tort Claims Act ("TTCA"), and that he was denied due process.

4

Thomas then filed a pleading that alleged employment discrimination under the TCHRA, and later filed a pleading under the TTCA, the Texas Education Code, and the Texas Whistleblower Act. Under the TTCA, Thomas alleged negligence, intentional torts, and "permissive liability." Under the Texas Education Code, Thomas alleged breach of contract, and retaliation under the Whistleblower Act.

In April 2024, WSD filed an answer to Thomas's new pleadings, and in a separate filing, a Plea to the Jurisdiction and Motion to Dismiss on Thomas's most recent causes of action. WSD argued that Thomas's tort claims against WSD are barred by sovereign immunity because Thomas only alleges facts against the guards, who are TDCJ employees, not WSD. As such, WSD contended that "plaintiff's issues with security and pat searches are not relevant to WSD[.]" WSD further argued that Thomas's tort claims do not fall within the limited waivers of sovereign immunity under the TTCA. WSD stated that Thomas's claims of retaliation and intentional infliction of emotional distress are intentional torts, and intentional torts are not included in the limited waiver of immunity. WSD then argued that Thomas's claim of breach of contract under the Texas Education Code must be dismissed for lack of jurisdiction because Thomas failed to establish legislative consent to sue WSD for breach of contract. WSD stated that it is entitled to sovereign immunity on Thomas's retaliation claim under the TCHRA because Thomas failed to allege the prima facie elements of retaliation in his pleadings. Regarding Thomas's claim under

5

the Texas Whistleblower Act, WSD stated that Thomas failed to allege the elements of the Whistleblower Act including the specific law violated and that Thomas initiated the grievance process.

Four days later, Thomas responded by filing "Plaintiff's Objection to Defendant [WSD]'s Answer to Plaintiff's Fourth Amended Petition and Plea to the Jurisdiction and Motion to Dismiss Pursuant to 91A." In his response, Thomas argued that the TTCA provides the framework for "holding governmental entities accountable" and WSD can be held liable for tortious conduct. Thomas further argued that he has a valid deprivation of rights claim because he was deprived of his rights under the Constitution, and paperwork indicating that he refused to be pat searched is false. Thomas alleged that others conspired against him causing him to lose his job and that his due process rights were violated. He argued that WSD breached its employment contract with him when he was wrongfully terminated for making a complaint and not for refusing a pat search.

In early May 2024, before a hearing on WSD's Plea to the Jurisdiction, Thomas filed a document titled, "Ultra Vires Document." Thomas argued that the school superintendent and another official denied him due process and exceeded the bounds of their authority by terminating him rather than moving him to other nearby prisons. He also argued that the officials conspired against his rights secured by the

6

Constitution, and that he was deprived of his constitutionally protected rights by officials acting under color of law.

On May 7, 2024, WSD responded to Thomas's filing by stating that Thomas failed to plead facts that fall within the ultra vires exception to sovereign immunity. According to WSD, Thomas did not sue a state official, only the state agency. Next, WSD argued that Thomas did not assert his new claim in a responsive pleading.

The trial court held a hearing on WSD's Amended Plea to the Jurisdiction and Motion to Dismiss Pursuant to Rule 91A. WSD continued to argue that it was entitled to sovereign immunity and dismissal because Thomas failed to allege an exception and because he failed to establish a prima facie case for his claims under the TTCA and the Texas Education Code. In response, the trial judge acknowledged that Thomas had a hearing with his employer regarding his termination to determine whether he failed to go through the pat search. The trial judge noted that at the conclusion of the hearing, the officer ruled that Thomas failed to go through the pat search and his termination was justified. The trial judge stated that whether Thomas failed to go through the pat search is the issue here, and because it is a fact issue, Thomas is entitled to a jury trial on that issue.

At the conclusion of the hearing, the trial judge then denied WSD's Plea to the Jurisdiction. This interlocutory appeal followed.

**Standard of Review**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is essential to the court's authority to decide a case and is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When a plea to the jurisdiction challenges the plaintiff's pleadings, the trial court is required to review the pleadings, construe them liberally in favor of the plaintiff, look to the pleader's intent, and determine whether the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* If the plaintiff has pleaded facts affirmatively negating jurisdiction, the trial court may grant the plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227. Even so, if the pleadings merely fail to allege facts sufficient to affirmatively demonstrate jurisdiction, "the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.*; *see also Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024).

8

**Analysis**

On appeal, WSD challenges the trial court's denial of its Plea to the Jurisdiction in six issues. WSD argues that the trial court erred in denying its Plea to the Jurisdiction based on sovereign immunity under the TTCA, the Texas Education Code, the Texas Labor Code, and the Texas Whistleblower Act. WSD further argues Thomas failed to properly plead facts that fall within the ultra vires exception to sovereign immunity and that it is entitled to sovereign immunity for Thomas's federal constitutional claims.

Generally, "[i]n Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless that state consents to suit." *Miranda*, 133 S.W.3d at 224. "Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability." *Id*. While immunity from liability is an affirmative defense, immunity from suit, as claimed here by WSD, deprives a court of subject matter jurisdiction. *See id*. Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction.

Texas Tort Claims Act

The TTCA provides a limited waiver of sovereign immunity. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109. Generally, WSD is immune from suit unless

the TTCA expressly waives immunity. *See id*. §§ 101.001(3)(A) (defining a governmental unit to include "all departments" of the state), 101.021 (outlining when government can be liable), 101.025 (providing for limited waiver of liability as allowed under the TTCA); *see also Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). Under the TTCA, sovereign immunity is expressly waived in areas that involve use of publicly owned automobiles, premises defects, and injury arising out of conditions or use of property. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (citation omitted); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

In his pleading titled "Plaintiff files Legal Pleading under Texas Tort Claims Act and Violation of Plaintiff Rights to Due Process," Thomas alleged a claim of negligence. Thomas alleges that when he arrived at the Larry Gist State Prison on September 9, 2022, a female guard allowed him to enter the gates of the prison because no male guard was able to pat search him. He states that he did not refuse to be searched, and he alleges that the guards were negligent. He further alleges that the State is negligent by not having working cameras to show that he did nothing wrong.

In that same pleading, Thomas alleges retaliation and intentional infliction of emotional distress. Regarding his retaliation claim, Thomas alleges that the principal of WSD retaliated against him by giving him unfavorable evaluations and ultimately

terminating him, after he refused to do "illegal activities." He further alleges that after his termination, WSD requested a return of retention money given to him, and if he did not, WSD threatened to report him to the Attorney General's office.

As for his intentional infliction of emotional distress, Thomas alleges that WSD fraudulently removed this case to federal court, met with the former trial judge that resulted in his removal from the case, and knew that the cameras were not working at the state prison. Thomas alleges that his termination was intentional and inflicted emotional distress.

In his pleadings, Thomas fails to make any allegations that fall within the TTCA waiver of immunity. The waiver of sovereign immunity under the TTCA states:

> A governmental unit in the state is liable for:
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>   (B) the employee would be personally liable to the claimant according to Texas law; and
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

Here, Thomas's claim does not allege an injury that arises from the operation or use of a motor-driven vehicle or equipment, and it does not involve an injury

11

caused by a condition or use of tangible personal or real property. *See id*. Thomas does not claim to have sustained a personal injury, property damage, or death as described in the TTCA, but instead he complains of his termination, unfavorable evaluations, the actions of guards, and actions of other WSD employees. Because Thomas's claims do not fall within the waiver of sovereign immunity under the TTCA, his claims of negligence, retaliation, and intentional infliction of emotional distress are barred.

We sustain issue one.

Texas Education Code

In his pleading, Thomas also asserts what he claims is a breach of contract under the Texas Education Code because he was terminated prior to his contract's end date. Thomas states that he was denied due process at his "written notice hearing" when he challenged the reason for his termination.

WSD argues that it entitled to dismissal of Thomas's claims of an alleged breach of contract and due process because Thomas failed to allege a waiver of sovereign immunity under the Texas Education Code or legislative consent. According to WSD, the only way a claim can be brought against the State for breach of contract, is through an express waiver provided by the legislature.

Like sovereign immunity, governmental immunity protects political subdivisions of the state, including school districts, from liability and lawsuits. *See*

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). "A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been waived or abrogated by the Legislature." *Id.* (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Governmental immunity consists of immunity from suit and from liability. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Immunity from suit is jurisdictional and bars suit. *Id.* Governmental immunity is waived only by clear and unambiguous language indicating the Legislature's intent to do so. *Hillman v. Nueces Cnty.*, 579 S.W.3d 354, 359–60 (Tex. 2019) (citation omitted).

The plaintiff bears the burden of alleging facts that affirmatively show that the trial court has subject matter jurisdiction. *See Tex. Air Control Bd.*, 852 S.W.2d at 446. When the defendant in a suit is the state or a political subdivision thereof, the plaintiff must plead facts that affirmatively demonstrate that immunity has been waived and that the court has subject matter jurisdiction. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

Here, Thomas fails to meet his burden to affirmatively plead facts and demonstrate that immunity has been waived. *See id.* In his petition, Thomas only states that the Texas Education Code mandates that school districts contract with their employees, and he alleges that he was terminated mid-contract. Thomas does

13

not provide a copy of his contract, does not include language from his contract that provides the method for resolving a suit based on breach of the contract, and he includes no terms in his contract that would indicate the WSD's consent to being sued based on the circumstances herein. Nor does Thomas plead that the legislature consented to suit in any statute or resolution. *See Hillman*, 579 S.W.3d at 359–60. Since Thomas does not provide evidence that immunity for WSD has been waived or authorized for his breach of contract claim, WSD is entitled to immunity on this claim.

We sustain issue two.

Texas Labor Code

In its third issue, WSD argues that Thomas failed to plead facts sufficient to waive sovereign immunity under the Texas Labor Code. WSD states that Thomas complains of what he alleges were illegal employee actions and he argues he was terminated for refusing to participate in the illegal actions and for not following the chain of command when reporting the illegal actions. WSD states that it is unclear if Thomas's retaliation claim is brought under the TTCA, the Texas Whistleblower Act, or the Texas Labor Code.

Generally, we construe pro se pleadings and briefs liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is

14

held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). "Our rules provide that amended pleadings and their contents take the place of prior pleadings." *FKM P'Ship, Ltd. v. Bd. of Regents of the Univ. of Hous. Sys.*, 225 S.W.3d 619, 633 (Tex. 2008) (citing Tex. R. Civ. P. 65). Thus, causes of action not contained in an amended pleading are generally effectively dismissed when the amended pleading is filed. *Id.*

A review of Thomas's live petition does not include a claim under the Texas Labor Code. The record confirms that Thomas previously filed a pleading that included claims of age discrimination and retaliation under the Texas Labor Code, but Thomas later filed his live petition, and it includes no claims or reference to the Texas Labor Code. *See id.* Accordingly, we need not address WSD's third issue.

Texas Whistleblower Act

In WSD's fourth issue, WSD argues that it is entitled to immunity for the alleged claims of Thomas under the Texas Whistleblower Act. According to WSD, the elements of a whistleblower claim must be included in the pleading, and Thomas fails to plead the necessary elements in his live pleading.

The Texas Whistleblower Act prohibits a governmental entity from terminating or taking any adverse employment action against an employee who in good faith reports to an appropriate law enforcement authority a violation of law by

the entity or a public employee. *Montgomery Cnty. v. Park*, 246 S.W.3d 610, 612 (Tex. 2007) (citing Tex. Gov't Code Ann. §§ 554.001-.010). The Act contains a provision waiving sovereign immunity to the extent of liability for authorized relief. *See* Tex. Gov't Code Ann. § 554.0035; *State v. Lueck*, 290 S.W.3d 876, 881–82 (Tex. 2009). To demonstrate the trial court's jurisdiction over an asserted Whistleblower Act claim, a plaintiff must actually allege a violation of the act and not merely reference it. *Lueck*, 290 S.W.3d at 882 ("Mere reference to the … Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court.") (quoting *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). Thus, the elements of a Whistleblower Act claim "must be included within the pleadings so that the trial court can determine if they sufficiently allege a violation under the Act and fall within" the waiver of immunity from suit provided by section 554.0035. *Id.* at 884. For example, under *Lueck*, whether an employee made a "good faith report of a violation of law to an appropriate law enforcement authority is a jurisdictional question." *Tex. Dep't of Health and Human Servs. v. Okoli*, 295 S.W.3d 667, 668 (Tex. 2009).

A plaintiff establishes a claim under the Whistleblower Act by showing: (1) he is a public employee; (2) he acted in good faith in making a report; (3) the report involved a violation of law by an agency or employee; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of

16

making the report. *See* Tex. Gov't Code Ann. § 554.002; *Phelan v. Tex. Tech Univ.*, No. 07-07-00171-CV, 2008 WL 190741, at *3 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.).

In his petition, Thomas alleges that he made several reports during his employment. Thomas states that he reported that the principal was stealing time, that a counselor had inappropriate relationships with inmates, and that he reported to the Superintendent after his termination that WSD continued to use his teacher credentials to receive state funding. Thomas also states that he was asked to falsify paperwork for WSD to receive extra state funding. The record also confirms that Thomas filed a complaint with whistleblower allegations with the U.S. Equal Employment Opportunity Commission. In May 2023, Thomas received a letter notifying him of dismissal of his charge of whistleblower allegations for lack of jurisdiction. Additionally, the letter notified Thomas of his right to sue.

Although Thomas makes several general allegations of misconduct in his petition, he fails to plead his claim with the required specificity to invoke jurisdiction. He does not provide the required information about the nature of prohibited conduct or violation of law as required. *See* Tex. Gov't Code Ann. § 554.002; *see also Lueck*, 290 S.W.3d at 882–84. Thomas's petition fails to specify the violation of law and does not identify any law enforcement authority to which

17

he reported the alleged violations. *See* Tex. Gov't Code Ann. § 554.002; *see also Lueck*, 290 S.W.3d at 882–84.

Because Thomas fails to plead facts that establish a claim under the Whistleblower Act, WSD is entitled to sovereign immunity on this claim. WSD's fourth issue is sustained.

Ultra Vires Exception

In its fifth issue, WSD argues that Thomas failed to plead facts that fall within the ultra vires exception to sovereign immunity. According to WSD, Thomas's live pleading does not state an ultra vires claim because he does not sue a state official in their official capacity, and he does not allege any facts that an officer acted without legal authority.

To state a claim under the ultra vires exception, the plaintiff must allege and prove that the named official or governmental employee acted without legal authority or failed to perform a ministerial act. *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018); *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (explaining ultra vires action may be brought against governmental official only for nondiscretionary acts not authorized by law). "Ultra vires claims depend on the scope of the state official's authority." *Hall v. McRaven*, 508 S.W.3d 232, 234 (Tex. 2017). The standard for an ultra-vires act is whether it was done without legal authority, not whether it was correct. *See id.* at 243.

18

Thomas filed a document titled, "Ultra Vires Doctrine" wherein he claims that the superintendent and another person denied him due process at his hearing by not taping the hearing or providing a copy of the hearing to him. Thomas alleges that he could not challenge his termination with the superintendent. However, Thomas only sued WSD and did not name any WSD employees or officials as a defendant. Nor did Thomas provide any authority that requires that his hearing be recorded or that a copy of the recorded hearing be provided to him. *See Honors Acad., Inc.*, 555 S.W.3d at 68. Therefore, we conclude that Thomas has not asserted a proper claim under the ultra vires exception.

We sustain issue five.

Federal Constitutional Claims

In its last issue, WSD argues that it is entitled to sovereign immunity on any federal constitutional claims. Even if Thomas is alleging a due process violation, WSD argues that it has not waived its immunity under the Eleventh Amendment, and it is therefore entitled to sovereign immunity on any claims.

In filings titled "Plaintiff's Objection to Defendant Windham School District's Answer to Plaintiff's Fourth Amended Petition and Plea to the Jurisdiction and Motion to Dismiss Pursuant to 91A" and "Ultra Vires Doctrine," Thomas made vague allegations of a deprivation of his rights by an individual under color of law and a civil rights conspiracy. *See* 18 U.S.C. §§ 241 (conspiracy), 242 (deprivation

19

of rights under color of law). However, both statutes that Thomas cites criminalize conspiracy against the free exercise of a constitutional right and criminalize willful acts under color of law that deprive a person of rights protected by the Constitution or laws of the United States. *See* 18 U.S.C. §§ 241, 242. Both statutes are criminal statutes and provide no civil remedies. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

In the same filings, Thomas alleges a Fourteenth Amendment due process violation when his hearing was not recorded, or a copy of the recording was not provided to him. Thomas does not provide any authority that it was a requirement that WSD record the hearing at issue. Thomas bore the burden of affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of immunity. *See Whitley*, 104 S.W.3d at 542. The Eleventh Amendment to the United States Constitution protects the State of Texas from suit in its own courts for an alleged violation of federal law. *See* U.S. CONST. amend. XI. Thomas has directed us to no authority to suggest that Congress has abrogated Eleventh Amendment immunity as to claims under the Fourteenth Amendment or that the Texas Legislature waived sovereign immunity as to claims such as this. *See Mathis v. Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00123-CV, 2022 WL 6815180, at *3 (Tex. App.—San Antonio Oct. 12, 2022, no pet.) (mem. op.). Because Thomas has not provided

authority that waives sovereign immunity, WSD is entitled to immunity on his Fourteenth Amendment claim.

We sustain issue six.

Opportunity to Replead

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be permitted to replead. *Miranda*, 133 S.W.3d at 226–27. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then the plaintiff is not entitled to replead. *Id*. at 227. In addition, "[i]f a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Sykes*, 136 S.W.3d at 639; *see Miranda*, 133 S.W.3d at 231 (explaining that plaintiffs already repled to try to cure defects in response to the plea to the jurisdiction).

Here, despite the trial court allowing Thomas to amend his pleadings four times, Thomas has still failed to plead sufficient facts to invoke the trial court's jurisdiction. We conclude that Thomas is not entitled to remand so that he can allege a new cause of action. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (citation omitted).

21

**Conclusion**

Having sustained issues one, two, four, five and six, and determined that issue three need not be resolved, we reverse the trial court's Order denying WSD's Plea to the Jurisdiction and render judgment dismissing Thomas's claims.

REVERSED AND RENDERED.

W. SCOTT GOLEMON
Chief Justice

Submitted on January 24, 2025
Opinion Delivered May 22, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

22